OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Even if we accept defendant’s contention that the proper test for admissibility of photographs of a victim being attended in the hospital is a balancing of the inflammatory nature of the photographs against their materiality and relevance to the prosecution’s case, we find no abuse of discretion in the admission of the photographs here in question (but see People v Pobliner, 32 NY2d 356, cert den 416 US 905). They were not gory, the lacerations they show having either been cleaned up or bandaged, and while the knife remaining imbedded in the victim’s back was startling in the sense of being unusual, the picture it presented of the knife was less unnerving than the oral testimony concerning it. Nor for the reasons stated by the Appellate Division majority did the “startling” nature of the photographs so far outweigh their relevance to defendant’s complicity in the crime as to constitute an abuse of discretion as a matter of law.
With respect to the victim’s in-court identification of defendant, the Trial Judge should have articulated his findings before trial but no objection to his failure to do so *798 was made. Although CPL 470.05 (subd 2) preserves the question of law notwithstanding that failure, the ruling implicit in the admission of the identification in court is, after affirmance by the Appellate Division, beyond our power of review, there being evidence in the record to sustain the conclusions that there was an independent basis for the identification and no taint sufficient to constitute a substantial likelihood of irreparable misidentification.
We need not reach defendant’s contention that CPL 650.20, insofar as it exempts from its operation an out-of-State witness being held under sentence of death, is unconstitutional. No sufficient showing that codefendant Oats would testify or of the relevance of his testimony was made to warrant the issuance of an order under that statute or of a commission under CPL 680.20.
We have considered the other contentions presented by defendant and find them either to have been unpreserved or to be without merit.
Chief Judge Cooke and Judges Jasen, Jones, Meyer, Simons and Kaye concur; Judge Wachtler taking no part.
Order affirmed in a memorandum.