■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BOLD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Brien, J.), rendered October 19, 1982, convicting him of robbery in the second degree, criminal possession of stolen property in the third degree, criminal use of a firearm in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Naro, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

In reviewing suppression issues, great weight must be accorded the hearing court's determination. Where, as here, that determination is supported by the record, it should not be disturbed *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Gee,* 104 AD2d 561; *People v Norris,* 122 AD2d 82).

We further find that the defendant was not denied his right to counsel. He was given the opportunity to retain private counsel, but was either unable or unwilling to do so. Court-appointed counsel will not be removed except for good cause shown *(see, People v Sawyer,* 57 NY2d 12, 18-19, *cert denied* 459 US 1178) and the defendant's mere statement of dissatisfaction with his experienced trial counsel did not constitute a showing of good cause. It is also apparent from the record that while the defendant's application to proceed *pro se* was initially granted, he thereafter changed his mind and requested an attorney. Under the circumstances of this case, therefore, the defendant was not denied his right to counsel.

We have considered the defendant's remaining contention and find it to be without merit. Mangano, J. P., Bracken, Niehoff and Spatt, JJ., concur.