■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS GREEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered April 24, 1984, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On January 6, 1983, at approximately 11:00 P.M., Earl Johnson, who lived with William Dennis at 5 Fleet Walk in Brooklyn, heard a knock at the front door. When he came out to investigate, Johnson found the codefendant Calvin Kear-

ney, whom he had known for over 10 years, holding a shotgun, and the defendant, whom he knew as "Dennis", holding a revolver to William Dennis' head. The armed intruders were seeking drugs. Upon being told there were none, the defendants ordered Johnson and William Dennis to lie on the floor face down whereupon their hands were tied behind their backs. Johnson heard a shot, saw blood streaming from William Dennis, and heard the defendant tell Kearney to "do that work on him [Johnson]". Kearney then shot Johnson in the face with the shotgun, and both the defendant and the codefendant fled. Johnson freed himself and, with the aid of one of William Dennis' sons, called the police. William Dennis died of the wounds inflicted by the shotgun blast. Johnson, however, survived, despite very serious injuries, and identified the defendant at trial.

We note that although the defendant's claims of prosecutorial and judicial misconduct have not been preserved for review (see, CPL 470.05 [2]), our review of the record fails to reveal any such improprieties. Additionally, the defendant's counsel rendered the "meaningful representation" articulated in *People v Baldi* (54 NY2d 137, 147), and, therefore, the defendant's claim of ineffective assistance of counsel is without merit.

We further find that introduction of photographs depicting Dennis' corpse were probative of material issues involving this incident and were not excessively inflammatory or prejudicial (see, *People v Bell,* 63 NY2d 796; *see also, People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905; *People v Stroh,* 111 AD2d 196, *lv denied* 66 NY2d 767).

In view of the execution-style murder and the evidence that the shotgun was held only 1 to 3 feet from the rear portion of the neck of the deceased when discharged, we cannot agree with the defendant that, even viewed in the light most favorable to him, a reasonable view of the evidence could have supported a finding that he committed the lesser included offense of manslaughter in the first degree. Thus, the trial court did not err by refusing to charge that lesser included offense (*People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427, *rearg denied* 57 NY2d 775).

Although the personal background of the sole eyewitness was replete with drug trafficking and other criminal activity, his credibility was a matter to be determined by the trier of the facts. Viewing the evidence in the light most favorable to the People, it was legally sufficient to establish the defendant's guilt of the crimes charged (see, *People v Malizia,* 62

NY2d 755, *cert denied* 469 US 932). Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the contentions raised in the defendant's *pro se* brief and find them to be unpreserved for appellate review or without merit. Brown, J. P., Eiber, Kunzeman and Spatt, JJ., concur.