■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS COACHMAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Fromer, J.), rendered April 20, 1983, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to police officers.

Ordered that the judgment is affirmed.

The defendant was represented by counsel on a four-month-old, unrelated misdemeanor charge when he was being questioned as to the instant crime. At the *Huntley* hearing, both of the interrogating police officers testified that they were unaware of the pending charge. Moreover, there was no evidence adduced at the hearing to support a finding that the police deliberately shielded themselves from this information or that they had any reason to make inquiry with respect thereto *(see, People v Bertolo,* 65 NY2d 111; *People v Servidio,* 54 NY2d 951). Thus, the court did not err in denying that branch of the defendant's omnibus motion which was to suppress the statements made to the interrogating officers.

The defendant's further contention that the trial court abused its discretion in denying his motions to relieve assigned counsel is without merit *(see, People v Sawyer,* 57 NY2d 12, 18-19, *cert denied* 459 US 1178; *People v Medina,* 44 NY2d 199, 207-208; *People v Bold,* 125 AD2d 583).

The People proved beyond a reasonable doubt that the defendant's act of stabbing the deceased in the abdomen was the direct cause of death *(see, People v Kibbe,* 35 NY2d 407, 413; *People v Stewart,* 40 NY2d 692, 697). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence.

We have examined the defendant's remaining contentions and find that they are either unpreserved for our review or without merit. Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.