■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVELAND RICHARDSON, Also Known as CLEO COBB, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Floyd, J.), rendered November 14, 1986, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The showup procedure utilized here was not for purposes of identification but was "merely confirmatory" since the confidential informant knew the defendant prior to the commission of the offense and the police officer had ample opportunity to observe the defendant during the commission of the crime *(see, People v Johnson,* 124 AD2d 748, *lv denied* 69 NY2d 713; *People v Fleming,* 109 AD2d 848, 849). Moreover, the dangers of misidentification are minimal where law enforcement offi-

cials, trained in making careful observations, view the defendant in a showup procedure for purposes of confirming that the correct person has been apprehended *(see, (People v Morales,* 37 NY2d 262; *People v Carolina,* 112 AD2d 244, 245, *lv denied* 66 NY2d 917).

In addition, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Contrary to the defendant's contentions, the identification testimony of the two officers and the confidential informant was overwhelming. Whether the informant's identification testimony was credible and the weight it should be accorded was primarily for the court as the trier of fact to determine since it saw and heard the witness *(see, People v Gaimari,* 176 NY 84, 94). The record amply supports the identification testimony of the informant and any issues of credibility were properly resolved in the People's favor *(see, People v Carolina, supra,* at 245; *see, People v Garafolo,* 44 AD2d 86, 88).

We have considered the defendant's remaining contentions, including his claim that the sentence was excessive, and find them to be without merit. Mollen, P. J., Kunzeman, Rubin and Balletta, JJ., concur.