■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK SPENCER, Appellant.—Appeal by defendant from a

judgment of the Supreme Court, Kings County (Cohen, J.), rendered November 4, 1985, convicting him of manslaughter in the first degree, assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In light of its verdict, it is clear that the jury credited the Associate Medical Examiner's testimony that the cause of death of the victim Wayne Dees was "a single gunshot wound of the arm, the chest, the lung and aorta". The speculative testimony of the Associate Medical Examiner derived from evidence of the presence of alcohol and cocaine in the decedent's system that the combination of alcohol and cocaine could have caused Dees' death if ingested in sufficiently large amounts does not preclude the jury's finding that the defendant's act of shooting the deceased was the direct cause of death. In viewing the evidence in the record in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we conclude that a rational trier of fact could have found that the prosecution proved beyond a reasonable doubt that the defendant was guilty of manslaughter in the first degree *(see, People v Stewart,* 40 NY2d 692, 697; *People v Kibbe,* 35 NY2d 407, 413, *rearg denied sub nom. People v Krall,* 37 NY2d 741; *People v Coachman,* 134 AD2d 607).

Equally unpersuasive is the defendant's claim that the evidence adduced by the prosecution failed to disprove the defense of justification beyond a reasonable doubt *(see,* Penal Law § 25.00 [1]; § 35.15 [2]). The testimony of the prosecution witnesses that neither the victim Antrobus nor the deceased victim Dees was armed and that they did not advance toward the defendant or threaten him with deadly physical force strongly indicates that the defendant's act of firing two shots, one of which struck the deceased in the chest and the other of which hit Antrobus in the leg, was not reasonably justified by the circumstances and constituted an excessive use of deadly force. Upon the exercise of our factual review power we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). The record amply supports the jury's determination which resolved any issues of credibility in favor of the People *(see, People v Richardson,* 137 AD2d 846, 847; *People v Garafolo,* 44 AD2d 86, 88).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review as a matter of law (see, CPL 470.05 [2]; *People v Bynum*, 70 NY2d 858; *People v Bailey*, 146 AD2d 788 [decided herewith]) or without merit. Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.