■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW HARRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered November 29, 1984, convicting him of murder in the second degree, manslaughter in the first degree and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the instant appeal the defendant argues that the trial court committed reversible error by allowing into evidence a photograph of the murder victim shown tied to his bed and by permitting the People to question the defendant about his heroin addiction. We disagree with the defendant's arguments.

The admission into evidence of a photograph depicting the murder victim, a frail, elderly man tied to the post of his bed, was proper. Photographs of a corpse which tend to prove or disprove some material fact in issue are admissible even though they may tend to arouse passion and resentment against the defendant in the minds of the jury *(see, People v Bell,* 63 NY2d 796; *People v Pobliner,* 32 NY2d 356). The photograph of the decedent which was admitted into evidence served to corroborate testimony adduced from the appellant's former girlfriend which revealed that he had admitted to her that the victim had been tied to his bed in the course of the commission of the crime.

Furthermore, the court properly allowed the prosecutor to question the defendant as to whether he was addicted to heroin. It is well settled that trial courts have broad discretion in deciding whether a prosecutor should be precluded from impeaching a defendant's credibility by reference to prior immoral, vicious or criminal acts, and no improvident exercise of discretion took place here *(see, People v McClain,* 107 AD2d 765). Mangano, J. P., Lawrence, Eiber and Spatt, JJ., concur.