■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY COVINGTON, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Queens County (Calabretta, J.), all rendered August 27, 1986, convicting him of rape in the first degree (six counts), sodomy in the first degree (six counts), robbery in the first degree (two counts), sexual abuse in the first degree (three counts), and robbery in the third degree (two counts) under indictment No. 2643/85; rape in the first degree, sodomy in the first degree (four counts), robbery in the first degree, and grand larceny in the second degree under indictment No. 3257/85; and robbery in the first degree and robbery in the second degree under indictment No. 3258/85, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant, a former security guard in Rochdale Village, was found guilty of having committed a series of brutal sexual assaults and robberies in that area. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts were not against the weight of the evidence (CPL 470.15 [5]). Not only did the complainants have an opportunity to observe the defendant at close range in good light, but their identifications were corroborated by evidence of striking similarities in the modus operandi employed by the defendant in each assault, and the presence of the defendant's fingerprint on the rearview mirror of the car belonging to one of the complainants.

The defendant's contentions respecting impermissible police bolstering of identification testimony are unpreserved for our review, and, in any event, would not require reversal in light of the "clear and strong" identification evidence (see, People v

*Johnson,* 32 NY2d 814, 816; *People v Mobley,* 56 NY2d 584, 585).

The admission, over the defendant's protest, of a torn and bloodstained skirt and jacket worn by one of his victims was not improper, since it was directly probative of one of the counts of the indictment against him. Moreover, the sight of the garments could be said to be less "unnerving" than the oral accounts of the defendant's brutal acts *(see, e.g., People v Bell,* 63 NY2d 796, 797).

In light of the brutish nature of these acts, the imposition of maximum sentences was not improper, despite the defendant's lack of a prior criminal history *(see, People v Suitte,* 90 AD2d 80, 86).

We have considered the defendant's remaining contentions and find them without merit. Kunzeman, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.