■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant.—Judgment, Supreme Court, New York County (Daniel FitzGerald, J., at suppression hearing and at trial with a jury), rendered June 26, 1987, convicting defendant of two counts of murder in the second degree and sentencing him to concurrent indeterminate terms of imprisonment of 15 years to life, unanimously affirmed.

Defendant was convicted for his participation in two separate homicides. In May of 1980, defendant and several confederates beat an elderly antique dealer to death. Several months later, Linda Vig, one of the participants in the murder of the antique dealer, was killed to insure her silence. Approximately six years later, a prisoner serving a life sentence for other crimes implicated himself, defendant and others in the killings. On September 17, 1986, defendant accompanied detectives to a precinct where he made certain statements which he thereafter sought to suppress.

We find that the weight of the evidence supports defendant's conviction *(cf., People v Bleakley,* 69 NY2d 490). Defendant's claim at trial that his limited role in the murders was the result of coercion was rejected by the jury. The individual who purportedly coerced him into participating in the murders admitted that years before the killings, he had come to an "understanding" with defendant by putting a gun to defendant's head and that their friendship was marked by his

physical abuse of defendant. However, those events do not establish that defendant feared the imminent use of physical force when he participated in the killings (cf., Penal Law § 40.00). Moreover, the innocent account that defendant provided at trial was inconsistent with his statements to the authorities.

Defendant also contends that those statements should have been suppressed because his arrest was not supported by probable cause. However, the record reveals that counsel abandoned this claim. Accordingly, we decline to reach the issue.

We further find that defendant was not prejudiced by the introduction into evidence of the photograph of the body of the antique dealer (People v Bell, 63 NY2d 796). Nor was defendant denied the effective assistance of counsel. Counsel's overall performance was "meaningful". (People v Baldi, 54 NY2d 137, 147.) Defendant's unpreserved claim that the prosecutor's summation deprived him of a fair trial is similarly without merit. Concur—Murphy, P. J., Milonas, Rosenberger, Asch and Rubin, JJ.