■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENARO DE LA CRUZ, Appellant.—Judgment of the Supreme Court, Bronx County (Herbert Shapiro, J.), rendered on April 11, 1988, which, following a jury trial, convicted defendant of kidnapping in the first degree and sentenced him to an indeterminate term of imprisonment of 20 years to life, is unanimously affirmed.

We find no merit to defendant's claim that his guilt was not established beyond a reasonable doubt. Several witnesses observed defendant and his brother abduct the victim in a blue van, and 4½ hours later another witness saw the apparently lifeless victim lying in the street after a blue van had pulled away. Accordingly, defendant's participation in the abduction was clearly established. Other testimony showed that a rope was tightly wound around the victim and that the victim, who had a pulse, never exhibited higher brain activity and died despite efforts to revive him on the scene and in the hospital. Thus, the evidence demonstrated that the victim died during the abduction or before he was able to be returned to safety (Penal Law § 135.25 [3]). Even if the victim was not brain dead *(see, People v Eulo,* 63 NY2d 341) when discovered on the street, his inevitable death was the legal equivalent of death during the kidnapping. The victim expired as a direct result of actions committed during the kidnapping *(People v La Marca,*

3 NY2d 452). Moreover, defendant's right to a fair trial was not violated. The redirect testimony of the witness to the abduction who stated that he was afraid for his family was properly admitted. On cross-examination, the witness expressed similar concern. Finally, it should be noted that the photograph of the victim and the rope was properly admitted into evidence *(People v Bell,* 63 NY2d 796; *People v Mirenda,* 23 NY2d 439). We have considered defendant's remaining contentions and find them to be without substance. Concur— Sullivan, J. P., Milonas, Kassal, Wallach and Smith, JJ.