■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN MOORE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered May 7, 1987, convicting him of criminally negligent homicide and assault in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The victim was a passenger in a Jeep that had participated in a reckless chase with the van in which the defendant was a passenger. When the vehicles finally stopped at a traffic light, the Jeep's operator, Richard Salerno, alighted from his vehicle and smashed the driver's side window of the van. The defendant then got out of the van and, as he approached Salerno, pulled a knife from his pocket and opened the blade. After a brief confrontation, Salerno fled the scene. Instead of following Salerno the defendant ran to the Jeep and began wildly slashing at its three occupants, during which time he fatally wounded the deceased.

We find the defendant's contentions on appeal unavailing. The court did not improvidently exercise its discretion when it admitted into evidence photographs of the deceased taken during the autopsy. The pictures of the fatal stab wound and

the fireman's tunic worn by the deceased at the time of the incident tended to prove or disprove material facts at issue and, therefore, any inflammatory effect they may have had on the jury was outweighed by their probative value *(see, People v Bell,* 63 NY2d 796; *People v Pobliner,* 32 NY2d 356, 369). The photographs also corroborated testimony given by several of the witnesses *(see, People v Harris,* 149 AD2d 433).

The defendant was also not unduly prejudiced by the testimony given by the deceased's brother that suggested that the deceased had been a fireman *(cf., People v Miller,* 6 NY2d 152, 157; *People v Caruso,* 246 NY 437).

Upon exercise of our factual review power we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The various witnesses for the People uniformly testified that the defendant, of his own volition, charged the Jeep and slashed at its occupants. The defendant, however, claimed that he lawfully resorted to deadly force, and gave testimony to that effect. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). The record amply supports the jury's decision to credit the People's case and find that the defendant was not justified in using deadly force *(see, People v Spencer,* 146 AD2d 817; *People v Richardson,* 137 AD2d 846, 847). Mangano, P. J., Eiber, Sullivan and Balletta, JJ., concur.