■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR MADERA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered March 8, 1985, convicting him of manslaughter in the first degree (two counts) and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of manslaughter in the first degree and burglary in the first degree in connection with the stabbing deaths of two brothers in their home. The indictment alleged that the defendant and a codefendant had each aided and abetted the other in the commission of the crimes. The People were not required to prove that the defendant actually stabbed the two men but were required to establish that the defendant possessed the mental culpability necessary to commit the crimes and, in furtherance thereof, solicited, requested, commanded, importuned or intentionally aided the principal *(see,* Penal Law § 20.00; *People v La Belle,* 18 NY2d 405; *People v Nieves,* 135 AD2d 579). Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Gonzalez,* 143 AD2d 681). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). The defendant testified that the codefendant stabbed the victims and that he fled when he was unable to stop the codefendant. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

The defendant's contention that he is entitled to a new trial because the People withheld *Brady* material *(see, Brady v Maryland,* 373 US 83) is without merit. The information was neither exculpatory nor material to the defense and was apparently unknown to the People prior to the trial. Consequently, no constitutional error occurred *(see, People v Vilardi,* 76 NY2d 67; *People v Chin,* 67 NY2d 22).

We find no error in the court's evidentiary rulings with respect to the defendant's statements to a prosecution witness which were allegedly inconsistent with his trial testimony and note that the court, in its charge to the jury, did in fact give the instruction that the defendant claims was required. The defense counsel failed to object to the prosecutor's summation comments which are challenged on appeal. Therefore, no error of law with respect to these issues was preserved for appellate review *(see, People v Nuccie,* 57 NY2d 818; *People v Coker,* 135 AD2d 723). In any event, we find that the prosecutor's comments did not deprive the defendant of a fair trial.

Contrary to the defendant's contention, the transcript of the sentencing proceedings reveals that the court made a determination as to his request for youthful offender status. This determination rests within the sound discretion of the court *(see, People v Carter,* 143 AD2d 925; *People v Lutchmidat,* 134 AD2d 286). Considering the brutal nature of these crimes, we decline to disturb the sentencing court's determination *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Harwood, Miller and O'Brien, JJ., concur.