■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER MILLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (West, J.), rendered July 14, 1988, convicting him of murder in the second degree (two counts), and robbery in the first degree, upon a jury verdict, and sentencing him to two concurrent indeterminate terms of 25 years to life imprisonment on the murder in the second degree counts, and an indeterminate term of 12½ to 25 years imprisonment for robbery in the first degree, to run concurrently with the sentence imposed on the

conviction of murder in the second degree which was for felony murder, but consecutively to the sentence imposed on the conviction of murder in the second degree which was for intentional murder.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment imposed on the convictions for murder in the second degree and robbery in the first degree shall run concurrently with each other; as so modified, the judgment is affirmed.

Contrary to the defendant's contentions, the trial court properly allowed into evidence black and white photographs depicting the murder victim and his injuries *(see, People v Bell,* 63 NY2d 796; *People v Pobliner,* 32 NY2d 356, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905; *People v Moore,* 161 AD2d 673; *People v Harris,* 149 AD2d 433). The photographs were admitted to show the location of approximately 33 knife wounds inflicted on the different parts of the victim's body, as well as to illustrate and corroborate the testimony of the medical examiner. Moreover, the photos were in black and white and the wounds had been cleansed *(see, People v Bell, supra,* at 797). Accordingly, they were not offered to inflame the jury, and their probative value far outweighed any prejudicial effect they may have created *(see, People v Stevens,* 76 NY2d 833).

Furthermore, the trial court did not improvidently exercise its discretion by permitting a prosecution expert witness to give his opinion regarding the origination of the bloody footprints made at the scene of the crime, based on a comparative analysis with exemplars developed from the defendant's sneakers *(see, People v Cronin,* 60 NY2d 430, 432; *cf., People v Bay,* 67 NY2d 787; *People v Mortillaro,* 143 AD2d 148).

Additionally, the defendant contends that his guilt was not proven beyond reasonable doubt. However, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, we agree with the defendant that under the circumstances of this case, the imposition of consecutive sentences was inappropriate. Penal Law § 70.25 (2) provides that the terms of imprisonment imposed for two or more offenses must run concurrently where those offenses were "committed

through a single act or omission". Here, there was no evidence adduced to establish the manner in which the murder and robbery occurred. "Inasmuch as the People are unable to point to any testimony or evidence which would support the view that the offenses of which defendant stands convicted involved disparate or separate acts, the sentences must run concurrently (Penal Law, § 70.25, subd 2)" *(People v Underwood,* 52 NY2d 882, 883; *People v German,* 139 AD2d 529; *see also, People v Derhi,* 110 AD2d 709; *People v Grant,* 96 AD2d 867).

We have examined the defendant's remaining contentions and find them to be without merit *(see, e.g., People v Rodriguez,* 69 NY2d 159; *People v Pelchat,* 62 NY2d 97; *People v Ponder,* 54 NY2d 160). Brown, J. P., Rosenblatt, Miller and Ritter, JJ., concur.