**Ernest MOLOI, Petitioner,**

v.

**Dean R. RILEY, Respondent.**

**No. CV 89–2334 (ADS).**

United States District Court, E.D. New York.

April 23, 1991.

Ernest Moloi, pro se.

Charles J. Hynes, Dist. Atty. for Kings County by Victor Barall, Brooklyn, N.Y., for respondent.

## MEMORANDUM AND ORDER

SPATT, District Judge.

The instant Petition for a writ of habeas corpus raises the issues of whether allowing the jury to view photographs of the victim's scars was unconstitutionally prejudicial, whether the Petitioner's sentence should be reduced in light of his prior exemplary conduct and whether the Petitioner's convictions contravene the Double Jeopardy Clause of the Fifth Amendment.

## BACKGROUND

Petitioner's convictions stem from an incident involving him and his girlfriend, Ms. Momokhabi Moeletsi. The Petitioner and Ms. Moeletsi began arguing in the early morning hours of June 10, 1984, at which time Ms. Moeletsi advised Petitioner that she was going to move out of his apartment. Petitioner became enraged and began to beat and kick Ms. Moeletsi. As Ms. Moeletsi began to pack her belongings, the Petitioner called for her to come talk to him in the kitchen. When Ms. Moeletsi complied, the Petitioner picked up a large pot of boiling oil, which he threw at Ms. Moeletsi. Ms. Moeletsi suffered second and third degree burns over 30% of her body.

Petitioner was convicted, after a jury trial, in New York Supreme Court, Kings County (Douglass, J.), of two counts of Assault in the first degree, Reckless Endangerment in the first degree and Criminal Possession of a Weapon in the fourth degree. Petitioner was sentenced to separate terms of imprisonment on each count, all of which were to be served concurrently: five to fifteen years on the felony assault charges and one year on the misdemeanor reckless endangerment and possession charges.

The Appellate Division, Second Department reversed the conviction on the reckless endangerment charge, vacated the sentence thereon and dismissed that count of the indictment (*People v. Moloi*, 135 A.D.2d 576, 578, 521 N.Y.S.2d 794 [2d Dept.1987]). The Court held as follows:

"the trial court should have dismissed the count of reckless endangerment in the first degree in light of the jury's verdict of guilty on the count of reckless assault in the first degree. The former is a lesser included offense with respect to the latter" (*Id.*).

The remainder of the judgment of conviction was affirmed (*Id.*), and leave to appeal was denied by the New York Court of Appeals (*People v. Moloi*, 70 N.Y.2d 1009, 526 N.Y.S.2d 943, 521 N.E.2d 1086 [1988] [Bellacosa, J.]).

Petitioner subsequently petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

He raises the following arguments in support of his petition: 1) that the admission at trial of photographs of Ms. Moeletsi's burn scars was unduly prejudicial and deprived him of his right to a fair trial in accord with due process; 2) that his sentence "should be reduced, in light of his educational background and lack of criminal record or propensity for violence in the past"; and 3) that the conviction of both Reckless Endangerment and Reckless Assault constitutes double punishment for a single crime in contravention of the Fifth Amendment.

The Court finds each of these claims lacking in merit, and therefore denies this Petition.

## DISCUSSION

 Federal law vests the district courts with jurisdiction to hear a collateral attack on state court convictions after all state court remedies have been exhausted (*see* 28 § U.S.C. 2254 [1988]; *Blissett v. Lefevre*, 924 F.2d 434, 438 [2d Cir.1991]). The

record indicates that the Petitioner has exhausted his state court remedies (*see* 28 U.S.C. § 2254[b] and [c]; *Preiser v. Rodriguez*, 411 U.S. 475, 492, 93 S.Ct. 1827, 1837, 36 L.Ed.2d 439 [1972] ). As a result, the Court will turn to the merits of this application.

■ A petition for a writ of habeas corpus shall only be granted only when the state court has committed error which deprives Petitioner of a fundamentally fair trial:

> "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

(28 U.S.C. § 2254[a]; *see Blissett v. Lefevre, supra,* 924 F.2d at 439 ["relevant inquiry is whether the error ... deprived Petitioner of a fundamentally fair trial"]; *see also Collins v. Scully,* 755 F.2d 16, 18 [2d Cir.1985] [habeas relief on claim of evidentiary error granted only if "the error was so pervasive as to have denied ... a fundamentally fair trial"] ).

The Petitioner's constitutional challenges to his state conviction are discussed below in seriatim.

(1) *Due Process/Admission of Photographs*

■ Petitioner contends that the introduction of photographs depicting the complainant's burn scars was unduly prejudicial and deprived him of his right to a fair trial in accord with fourteenth amendment due process. In a habeas corpus proceeding, the district court looks to determine if the Petitioner's constitutional rights were infringed upon, and shall only grant relief if the Petitioner was deprived of a fair trial (*see United States v. Agurs,* 427 U.S. 97, 108, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 [1976] [absent denial of fundamentally fair trial no due process violation]; *Collins v. Scully, supra,* 755 F.2d at 18).

■ Under New York law, the trial court judge has broad discretion in determining the admissibility of photographs (*see United States v. McRae*, 593 F.2d 700, 707 [5th Cir.1979] [photos only excluded if unfairly prejudicial]; *United States v. Gel Spice Co.,* 601 F.Supp. 1214, 1221 [E.D.N.Y.1985] [same] ). In fact, the New York Court of Appeals has held that photographic evidence shall only be excluded if its sole purpose is to prejudice the defendant (*People v. Pobliner,* 32 N.Y.2d 356, 369–70, 345 N.Y.S.2d 482, 493, 298 N.E.2d 637, 645 [1973], *cert. denied,* 416 U.S. 905, 94 S.Ct. 1609, 40 L.Ed.2d 110 [1974]; *see also People v. Bell,* 63 N.Y.2d 796, 797, 481 N.Y.S.2d 324, 325, 471 N.E.2d 137, 138 [1984] [photos of knife imbedded in victim's back admissible] ).

■ Further, in this case one of the reasons the photographs were offered was to rebut the defense proffered by the Petitioner at trial. As both the trial court and the Appellate Division found, the photographs at issue were probative of the Petitioner's innocence or guilt, since the Petitioner asserted the defense at trial that Ms. Moeletsi's burns were caused by her accidentally spilling the pot of oil on herself. Once Petitioner raised this defense, the photos of the scars were relevant on that issue alone (*see United States v. Brady,* 579 F.2d 1121, 1129 [9th Cir.1978] [photos admitted to show cause of death], *cert. denied,* 439 U.S. 1074, 99 S.Ct. 849, 59 L.Ed.2d 41 [1979]; *United States v. Bailey,* 537 F.2d 845, 846 [5th Cir.1976] [photos probative of injuries, such rulings only disturbed if abuse of discretion]; *People v. Green,* 134 A.D.2d 516, 521 N.Y.S.2d 291, 292 [2d Dept. 1987] [photos probative of material issues admissible] ).

Even assuming, arguendo, that such admission was error such error would not warrant the granting of the petition unless the error deprived Petitioner of a constitutional right (*see United States v. Adams,* 443 F.2d 7, 8 [2d Cir.1971] ). As a matter of law, the asserted error does not rise to such a constitutional level (*see Harding v. Lewis,* 641 F.Supp. 979, 995–96 [D.Ariz. 1986] [admission of photos did not rise to

level of constitutional error], *aff'd*, 834 F.2d 853 [9th Cir.1987], *cert. denied*, 488 U.S. 871, 109 S.Ct. 182, 102 L.Ed.2d 151 [1988]; *see also Walle v. Sigler*, 456 F.2d 1153, 1155 [8th Cir.1972] [same] ).

### (2) *Cruel and Unusual Punishment*

 Petitioner argues that his sentence "should be reduced, in light of his educational background, and lack of a criminal record or propensity for violence in the past." The New York Penal Law provides that for a conviction of Assault in the First Degree the sentence of the Defendant shall have a maximum term of "at least six years and must not exceed twenty-five years" (N.Y. Penal Law § 70.02[3][a] [McKinney 1987] ). The minimum term of this sentence "must be one-third of the maximum term imposed" (*Id.* § 70.02[4] ). Since the Petitioner was sentenced within these statutory limits this claim does not rise to the level of constitutional infringement (*see United States v. Gaggi*, 811 F.2d 47, 62 [2d Cir.1987] [no appellate review of sentence within statutory limits]; *United States v. Tramunti*, 513 F.2d 1087, 1120 [2d Cir.1975] [same]; *Dorszynski v. United States*, 418 U.S. 424, 431–32, 94 S.Ct. 3042, 3047, 41 L.Ed.2d 855 [1973] [same] ).

### (3) *Double Jeopardy*

 Finally, Petitioner contends that his conviction for both Reckless Endangerment and Reckless Assault constitutes a violation of the prohibition against double punishment for a single crime in contravention of the Fifth Amendment (*see United States v. Maldonado–Rivera*, 922 F.2d 934, 980 [2d Cir.1990] [the Double Jeopardy Clause of the Fifth Amendment "protects against multiple punishments for the same offense"] ). The Appellate Division—"by reversing the conviction for reckless endangerment in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment"—granted the Petitioner the relief here sought by way of collateral attack. By vacating Petitioner's conviction for Reckless Endangerment, only a single punishment for this crime is left intact. Therefore Petitioner's argument is moot (*Cumbo v. Eyman*, 409 F.2d 400, 400 [9th Cir.1969] [per curiam] [habeas petition mooted by reversal of conviction]; *see Smith v. Settle*, 212 F.Supp. 622, 628 n. 2 [W.D.Mo.1962] [habeas petition mooted by dismissal of indictment] ).

### CONCLUSION

The Court finds none of the Petitioner's arguments sufficient to justify issuance of a writ of habeas corpus. Accordingly, the instant Petition is denied.

SO ORDERED.