■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC SOLOMON, Appellant. [614 NYS2d 229] —Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered July 16, 1991, convicting him of murder in the second degree under Indictment No. 13844/90, upon a jury verdict, and sentencing him to an indeterminate term of 25 years to life imprisonment; and (2) a judgment of the same court, rendered October 15, 1991, convicting him of assault in the second degree under Indictment No. 14358/90, upon his plea of guilty, and sentencing him to an indeterminate term of four to eight years imprisonment, to run concurrently with the sentence imposed under Indictment No. 13844/90.

Ordered that the judgment rendered under Indictment No. 13844/90 is affirmed; and it is further,

Ordered that the judgment rendered under Indictment No. 14358/90 is modified, on the law, by reducing the sentence to an indeterminate term of three and one-half to seven years imprisonment, to run concurrently with the sentence imposed under Indictment No. 13844/90; as so modified, the judgment is affirmed.

The defendant contends that the trial court erred in denying his request for a jury charge on manslaughter in the first degree as a lesser-included offense of murder in the second degree. Viewing the evidence in a light most favorable to the defendant, we find that there is no reasonable view of the evidence which would support a finding that the defendant committed the lesser offense but not the greater (see, People v Green, 143 AD2d 768, 770; People v Green, 134 AD2d 516, 517).

We also find, contrary to the defendant's contentions, that the Supreme Court properly denied his request for an accomplice charge regarding two of the People's witnesses because there was no evidence to support the view that either of the witnesses was an accomplice (see, CPL 60.22; People v Tucker, 72 NY2d 849, 850; People v Torres, 160 AD2d 746, 747).

The defendant correctly contends, however, that his sentence upon his plea of guilty to assault in the second degree exceeded the maximum term of three and one-half to seven years imprisonment (see, Penal Law §§ 120.05, 70.06 [3], [4]).

Therefore, the sentence is modified to the extent indicated. Ritter, J. P., Copertino, Santucci and Hart, JJ., concur.