■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY BRYANT, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Richmond County, dated May 17, 1968, which denied, without a hearing, his application to vacate a judgment of the former County Court, Richmond County, rendered February 25, 1957, convicting him of burglary in the first degree and other crimes, upon a jury verdict, and sentencing him to consecutive prison terms of 15 to 30 years on the burglary count and 15 to 30 years on a robbery count. The appeal also brings up for review an order of said court dated June 6, 1968, which, upon reconsideration, adhered to the original decision. Appeal from order dated May 17, 1968, dis-

missed as academic. It was superseded by the order made upon reconsideration. Order dated June 6, 1968 affirmed. Defendant's contention is that the imposition of consecutive sentences constitutes "double punishment" in violation of section 1938 of the former Penal Law [1909]. In our opinion, burglary and robbery are separate and distinct criminal acts for which cumulative punishment may properly be imposed (Penal Law [1909], § 406; *People ex rel. Hardin* v. *Jackson,* 8 A D 2d 575, mot. for lv. to app. den. 6 N Y 2d 707; see, also, *People* v. *Baker,* 27 A D 2d 269; *People* v. *Ody,* 13 A D 2d 569, cert. den. 368 U. S. 858; *People ex rel. Cannata* v. *Jackson,* 6 A D 2d 919). Beldock, P. J., Munder, Martuscello and Kleinfeld, JJ., concur; Benjamin, J., concurs under the constraint of *People* v. *Bryant* (12 A D 2d 654, cert. den. 366 U. S. 976); however, he entertains grave doubt whether consecutive sentences under these circumstances are proper.