THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
PETER JOHNSON, Appellant.

First Department, January 6, 1981

### APPEARANCES OF COUNSEL

*Robert S. Dean* of counsel *(William E. Hellerstein,* attorney), for appellant.

*Marguerette Hosbach* of counsel *(Jerrold L. Neugarten* with her on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

### OPINION OF THE COURT

SANDLER, J.

Defendant and a codefendant, Feliciano Diaz, were convicted after a jury trial of attempted robbery in the second degree. The complaining witness, Anthony Gondar, testified

in substance that the defendant, the codefendant Diaz, another youth, Arcadia Checo (who absconded prior to the trial) and a juvenile named Vincent O. all participated in the assault on him. A second witness testified to observing three or four youths following the complaining witness in a manner that led the witness to alert police officers to the incident. And police officers who responded to the scene testified to seeing the complainant on the ground surrounded by the above four persons, one of whom was apparently going through his pockets.

The sole witness for the defendants was the juvenile, Vincent O., who testified that the absconding defendant Checo had gotten into an altercation with the complaining witness and that the defendant, codefendant and witness were present in the area observing what was occurring. In his direct examination Vincent O. testified that he had been arrested for the incident and that the case had been dismissed in the Family Court. On cross-examination he was asked by the District Attorney whether or not he had acknowledged in the Family Court having participated in the crime, but the question was phrased so ambiguously that it is impossible to determine whether the answer of the witness meant that he had acknowledged or denied in the Family Court participating in the crime.

After the defense witness was excused the District Attorney subpoenaed the records of the Family Court with regard to the Vincent O. proceeding, and the record was introduced into evidence over varied and strenuous objections by defense counsel. In pertinent part the record disclosed that Vincent O. had been charged in a petition with "acting in concert with three males also apprehended and before the Criminal Court" in the attempted robbery of Anthony Gondar; that the Family Court determined, "on admission", that the defendant "did an act which, if done by an adult, would constitute the crime of attempted robbery in the second degree in that the respondent at said time and place did act as alleged in petition"; that the proceeding was then adjourned in contemplation of dismissal until September 3, 1976; and that on that date it was ordered that "the petition herein be and the same hereby is dismissed."

The principal issues on this appeal are presented by the introduction of the Family Court record and various related trial court rulings.

Preliminarily there is merit to the defendant's contention that there was an insufficient foundation laid for the introduction of the record. In part the trial court appeared to have been influenced by the erroneous understanding that the witness' accurate testimony that the charges against him had been dismissed was accompanied by a false denial of his admission of guilt in the Family Court proceedings. In fact, the trial record does not disclose any such denial by the witness.

On the other hand, it appears that the testimony of the witness came as a surprise to the District Attorney who was not in possession of the Family Court record during the course of Vincent O.'s testimony. Indisputably the effect of the witness' testimony with regard to the Family Court proceedings had the capacity to mislead the jury. Although it would have been the better practice to have recalled the witness for the purpose of confronting him with the record, we are inclined to the view that the error in this respect was more technical than substantial.

We also think that the trial court erred in denying the motion of defense counsel to delete from the record that language in the petition alleging that Vincent O. had acted in concert with three males also arrested and before the criminal court. The issue raised by this application may not have been fully appreciated at the time. The Family Court record, essentially a printed form in which pertinent information was added in ink, strongly suggested that Vincent O. had not only acknowledged his own guilt, but had inculpated the three others who had been arrested with him. However, the record does not explicitly so state. Accordingly, the introduction of the record without the requested deletion could have persuaded the jury that the witness had previously inculpated the defendant in the crime for which he was being tried, although he may not in fact have done so.

The most substantial question is raised by the trial court's denial of defense counsel's application for permission to

recall Vincent O. and subpoena his Family Court lawyer in an effort to introduce evidence concerning the circumstances under which the witness had admitted guilt in the Family Court. Defense counsel argued that the witness may well have admitted his culpability, not because he was in fact guilty, but because it was part of a plea bargain under which the charges against him were ultimately to be dismissed. The trial court denied this application on the view that it would be tantamount to a collateral attack on the finding of another court.

Although there is support for the trial court's position in some Massachusetts authorities (see, e.g., *Lamoureux v New York, New Haven & Hartford R. R. Co.*, 169 Mass 338), it does not represent the law in this State. (See *Sims v Sims*, 75 NY 466, 473; *People v Tait*, 234 App Div 433; but cf. *People v Michaels*, 168 App Div 258.) This is not to say that when a witness is impeached on the basis of a conviction unrelated to the subject matter of the trial, a trial court might not reasonably decide that further exploration of the surrounding circumstances of the conviction would not be helpful. That principle clearly has no application to the facts presented here where the prior adjudication involved the precise event that was the subject matter of the trial. The error was magnified when the trial court emphatically instructed defense counsel that they were not to argue or suggest in their summations that Vincent O.'s prior acknowledgment of guilt may have been influenced by a promise that the charges against him would thereafter be dismissed.

The close question presented is whether the cumulative effect of these errors requires reversal of the conviction. The evidence against the defendant was strong. Moreover, the witness had been independently impeached on another aspect of his testimony. On the other hand, Vincent O. was the only witness presented by the defense in this case. It can hardly be doubted that his prior acknowledgment of guilt, in direct contradiction to his trial testimony, had the capacity to damage his credibility very severely. We are not prepared to conclude that defendant was not prejudiced by an erroneous ruling that denied him an opportunity to

rehabilitate his only witness with regard to a matter vital to an assessment of the credibility of the witness.

Accordingly, the judgment of the Supreme Court, New York County, (MYERS, J.), rendered January 20, 1977, convicting defendant after a jury trial of attempted robbery in the second degree and sentencing him to a term of one year should be reversed on the law, and the case should be remanded for a new trial.

KUPFERMAN, J. (dissenting). I dissent and would affirm on the opinion of the Trial Judge, ALLEN MURRAY MYERS (*People v Johnson*, 90 Misc 2d 777).

BIRNS and FEIN, JJ., concur with SANDLER, J.; KUPFERMAN, J. P. and LUPIANO, J., dissent in an opinion by KUPFERMAN, J. P.

Judgment, Supreme Court, New York County, rendered on January 20, 1977, reversed, on the law, and the case remanded for a new trial.