■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT P. GENDRIN, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered May 25, 1983, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the

influence of alcohol, as a felony. ¶ On December 6, 1982, Deputy Sheriff Michael Mucci responded to a complaint that defendant and his wife had been involved in a domestic dispute, and that defendant was driving his vehicle in an intoxicated condition. Shortly thereafter, Deputy Mucci observed defendant's vehicle and attempted to pull him over. A high-speed chase ensued through the City of Elmira, during which defendant's vehicle reached speeds of 70 to 75 miles per hour. When apprehended, defendant was charged with the felony of driving while intoxicated (Vehicle and Traffic Law, § 1192, subds 3, 5). After a jury trial, he was convicted as charged, giving rise to this appeal. ¶ Defendant raises several evidentiary issues in an attempt to establish that he was denied the right to a fair trial. Initially, he contends that the District Attorney deliberately evaded the trial court's *Sandoval* ruling, which precluded inquiry into any of defendant's previous convictions, by eliciting a statement from Deputy Mucci to the effect that defendant could accept a traffic infraction "but the DWI would probably send him back to prison". Defendant urges this reference to his prior incarceration was unduly prejudicial and that his motion for a mistrial should have been granted. Although the challenged remark was detrimental, we cannot agree that it constitutes reversible error. Significantly, defendant's objection to the remark was immediately sustained. Defendant's contention that the prosecutor deliberately evoked this statement is not supported in the record (cf. *People v Mullin,* 41 NY2d 475; *People v Dowdell,* 88 AD2d 239, 243-244). A review of the prosecutor's opening statement demonstrates that he pursued this line of questioning to show that defendant asked for a "break" from the arresting officer and not to reveal defendant's prior criminal history. Considering the degree of evidence in the record establishing defendant's intoxication, especially that of Deputy Mucci who directly observed defendant's erratic driving and opined that he was "definitely highly intoxicated", this one isolated response cannot be deemed to have deprived him of a fair trial (CPL 280.10, subd 1; see *People v Patterson,* 83 AD2d 691). ¶ Defendant next urges that the trial court erred in allowing the People to introduce a record of conviction from the Town of Horseheads Justice Court to establish defendant's plea of guilty to a charge of driving without a license. It appears that approximately two hours prior to defendant's arrest on the instant charge, he was stopped by a New York State trooper and issued a ticket for driving without a license. On direct examination, defendant explained that, while he did not plead guilty to this infraction, the court entered a conviction with the understanding that once defendant produced a valid driver's license, the charge would be dismissed. On cross-examination, defendant reiterated that he did not plead guilty to the charge. As a result, the People were allowed to introduce the court records establishing defendant's conviction of the charge. Defendant urges that the introduction of these records improperly served to discredit his testimony concerning the subject indictment. Again, we disagree. In view of defendant's equivocal explanation, we find that the use of the certified court records to independently establish defendant's conviction of driving without a license was in all respects proper (see CPL 60.40, subd 1). Nor can we agree that defendant was unduly restricted in his attempt to rehabilitate his testimony. Defendant was allowed to explain on redirect his understanding that the driving without a license conviction was not the result of a plea of guilty. That defendant was precluded from introducing two additional rehabilitation witnesses, including the Town Justice involved, was a determination well within the trial court's discretion in limiting testimony on this collateral matter. The case of *People v Johnson* (78 AD2d 298), relied upon by defendant, is clearly distinguishable, since the prior adjudication there involved the same event as the matter on trial. Here, the driving without a license conviction emanated from a separate incident.

Accordingly, the conviction should be affirmed. ¶ Judgment affirmed. Kane, J. P., Main, Weiss, Mikoll and Levine, JJ., concur.