◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. ELLISON, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered October 30, 1989, upon a verdict convicting defendant of the crimes of robbery in the second degree and grand larceny in the fourth degree.

This appeal arises out of defendant's conviction, after a jury trial, of the crimes of robbery in the second degree and grand larceny in the fourth degree. The two-count indictment alleged that defendant forcibly stole cash in the approximate amount of $234 from an employee of Tanana Oil Company in the City of Ithaca, Tompkins County, on Thanksgiving Day, November 24, 1988. In our view, there should be an affirmance.

There is no merit to defendant's contention that his trial was unfair. Neither the single, isolated reference of the arresting officer to a "mug shot" *(see, People v Gendrin,* 103 AD2d 895, 896), nor the testimony of defendant's girlfriend that she obtained Family Court orders of protection against defendant in the past, deprived defendant of a fair trial. Because the testimony had a bearing on her credibility, County Court did not abuse its discretion in allowing defendant's girlfriend to be cross-examined regarding her fear of defendant *(see, People v Wade,* 99 AD2d 474).

We are similarly unpersuaded by defendant's claim that he was denied the effective assistance of counsel. The record reflects, *inter alia,* that defendant's counsel employed appropriate procedural devices, engaged in extensive cross-examination of the People's witnesses and presented cogent arguments *(see, People v Baldi,* 54 NY2d 137), thereby affording defendant meaningful representation. Viewing counsel's conduct in its entirety and in the context of the evidence, the law and the circumstances of the case as of the time of the representation *(see, supra,* at 147), it cannot be said that the defense presented failed to meet the constitutional standard *(see, People v Jock,* 111 AD2d 941, 942-943, *lv denied* 66 NY2d 615).

Judgment affirmed. Casey, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.