■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN HUNT, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following Memorandum: We reject defendant's contention that the prosecutor deprived defendant of a fair trial by misstating the testimony of two witnesses during his summation to the jury. The prosecutor's recitation of the testimony was substantially the same as that given by the witnesses. The judgment must be modified, however, by providing that the sentences on the burglary convictions run concurrently with the sentence on the conviction of felony murder. The two offenses were committed "through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]; *see, People v Jones,* 69 AD2d 824). The sentences on the burglary convictions were, however, properly made to run consecutively to the conviction for intentional murder *(see, People v Evans,* 162 AD2d 702, *lv denied* 76 NY2d 856; *People v Ferkins,* 116 AD2d 760, *lv denied* 67 NY2d 942). The burglaries and the intentional murder arose out of separate acts and neither was committed by an act which constituted a material element of the other. The burglaries were complete when defendant entered the home with the intent to commit larceny therein. The murder was committed thereafter when the victim unexpectedly returned home and defendant intentionally caused her death. (Appeal from Judgment of Onondaga County Court, Mulroy, J. —Murder, 2nd Degree.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.