■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON DUKE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered May 28, 1986, convicting him of murder in the second degree (one count each of intentional murder and felony murder), robbery in the first degree (two counts), attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of 25 years to life imprisonment for intentional murder, to run consecutively to concurrent indeterminate terms of 25 years to life imprisonment for felony murder, 10 to 20 years imprisonment for each count of robbery in the first degree, 5 to 15 years imprisonment for attempted robbery in the first degree, and 5 to 15 years imprisonment for criminal possession of a weapon in the second degree. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is modified, on the law, by providing that all of the sentences imposed are to run concurrently; as so modified, the judgment is affirmed.

The defendant Sheldon Duke and his two codefendants, Oswald Williams and Dwight Bynoe, were jointly tried as accessories of one another in the robberies of the two complaining witnesses and the attempted robbery and felony murder of the complainants' companion, Victor Ortiz. The defendant was additionally charged with, and convicted of, intentional murder. All three defendants gave the police statements incriminating themselves and each other and made videotaped confessions. Although only the codefendant Bynoe testified at the trial, the unredacted statements of all three defendants were admitted into evidence at their joint trial.

The defendant argues, *inter alia,* that the introduction at trial of the statements of his nontestifying codefendant, Oswald Williams, constituted a violation of the Confrontation Clause (US Const 6th Amend; *see, Cruz v New York,* 481 US 186), and that this error requires reversal by this court. We note that this issue has not been preserved for appellate

review *(see,* CPL 470.05 [2]; *People v Russell,* 71 NY2d 1016). In any event, a review of the evidence adduced at trial indicates that there was overwhelming proof of the defendant's guilt. The proof included eyewitness testimony *(see, e.g., People v Williams,* 136 AD2d 581; *People v McCain,* 134 AD2d 287). Thus, we conclude that there was no reasonable possibility that the jury would have acquitted this defendant but for the error *(see, People v Crimmins,* 36 NY2d 230, 237).

The defendant's contention that the evidence adduced by the People was legally insufficient to establish his guilt of intentional murder is unpreserved for appellate review *(see, People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant contends that the sentence imposed by the court was illegal to the extent that the term of imprisonment imposed for intentional murder was made to run consecutively to the other terms of imprisonment. We agree with the defendant that the sentence must be modified. The court charged the jury that it could find the defendant guilty of felony murder if it found that Ortiz was killed in the course and furtherance of or in immediate flight from a robbery or attempted robbery and it did not specify which among the robbery or attempted robbery charges the jury was to consider as the predicate for the felony murder. Thus, the term of imprisonment imposed for felony murder necessarily must run concurrently with the sentences imposed for all three of the robbery and attempted robbery convictions, since these underlying felonies are "material elements" of the felony murder conviction *(see,* Penal Law § 70.25 [2]; *see also, People v Day,* 73 NY2d 208, 210-211). Furthermore, the felony murder and intentional murder convictions require concurrent sentences because they emanated from the same act *(see, People v Day, supra).* Under these circumstances, the court had no alternative but to impose concurrent terms of imprisonment.

We have examined the remainder of the defendant's contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Thompson, J. P., Sullivan, Harwood and O'Brien, JJ., concur.