■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAQUIN MALDONADO, Appellant. [596 NYS2d 44] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered November 14, 1990, convicting defendant, after jury trial, of criminal impersonation in the second degree, and sentencing him to a term of imprisonment of 1 year, unanimously affirmed.

Contrary to defendant's argument on appeal, his guilt of criminal impersonation in the second degree, as charged to the jury, was supported by the evidence *(People v Bleakley,* 69 NY2d 490). Defendant took no exception to the trial court's charge to the jury that defendant could be found guilty of the crime charged if it found that defendant presented himself to the complainant as a correction officer or a police officer, and in so doing "impersonated another, to wit, correction or police officer * * * with the intent to obtain [a] benefit for himself or to attempt to injure or defraud [the complainant]". As the Court of Appeals has held, "[t]here is neither constitutional nor jurisprudential error in permitting guilt to be determined under a penal statute as construed by the common assumption of both attorneys and the court" *(People v Dekle,* 56 NY2d 835, 837).

Defendant's absence during the trial court's questioning of a deliberating juror to determine whether the juror was qualified to continue service, in the presence of defense counsel, who contributed his views and specifically stated his agreement with the court's determination that the juror was so qualified, did not deprive defendant of his right to be present at a material stage of his trial *(People v Mullen,* 44 NY2d 1, 5-6). Defendant's interests were amply represented by his " 'single-minded counsel' " *(People v Darby,* 75 NY2d 449, 454). Concur—Carro, J. P., Rosenberger, Ellerin and Asch, JJ.