■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MEBERT, Appellant. [599 NYS2d 938] —Appeal by the defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered May 30, 1990, convicting him of murder in the second degree (two counts), robbery in the first degree, and criminal use of a firearm in the first degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 25 years to life imprisonment for each count of murder in the second degree, and concurrent indeterminate terms of 12½ to 25 years imprisonment for robbery in the first degree, and 12½ to 25 years imprisonment for criminal use of a firearm in the first degree, to run consecutively to the term of imprisonment imposed for intentional murder. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by the defendant to law enforcement officials and physical evidence seized from the defendant.

Ordered that the judgment is affirmed.

Having been advised that the defendant had told various individuals that he was involved in or had knowledge of the robbery-homicide of Dean Lockshiss on Federal Hill Road in Putnam County on July 5, 1989, New York State Police Officers went to Danbury, Connecticut. After locating the defendant in Danbury, the police spoke with him and subsequently obtained inculpatory statements from him.

On appeal, the defendant argues, *inter alia,* that the suppression court erred in denying suppression of all of the evidence obtained as the result of his unlawful arrest in Connecticut. However, we find that the suppression court properly concluded that the defendant was not in custody when he made his incriminating statements *(see, People v Sampson,* 134 AD2d 706, *affd* 73 NY2d 908). After the defendant admitted his participation in the robbery-homicide, the police had probable cause to arrest the defendant, and the defendant was, at that point, lawfully in the custody of Connecticut officials as a fugitive from justice in New York *(see, People v Perea,* 182 AD2d 718). Thus, suppression is not warranted herein.

The defendant's contention that there is insufficient evidence to establish the element of intent for felony murder is unpreserved for appellate review *(see, People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245), and, in any event, is without merit *(see, People v Contes,* 60 NY2d 620).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant also contends that the sentence imposed by the court was illegal to the extent that the sentences imposed upon the conviction for robbery in the first degree and criminal use of a firearm in the first degree were made to run consecutively to the sentence imposed upon the conviction of intentional murder. We disagree. The imposition of concurrent terms of imprisonment with respect to these offenses was not required, inasmuch as they were not "committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]). Rather, the record demonstrates that the intentional murder was "separate and distinct" from the robbery and criminal use of a firearm offenses, "even if [they were] part of a continuous course of activity" (People v Ferkins, 116 AD2d 760, 764). Accordingly, the imposition of the consecutive terms of imprisonment was lawful and appropriate (see, People v Hunt, 174 AD2d 980; People v Hildreth, 148 AD2d 879; People v Ferkins, supra). To the extent that our decision in People v Duke (181 AD2d 908) may be interpreted to the contrary, it should not be followed.

The defendant's remaining contentions are unpreserved for appellate review or without merit (see, People v Brooks, 194 AD2d 799 [decided herewith]). Sullivan, J. P., Balletta, O'Brien and Santucci, JJ., concur.