■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS AHEDO, Appellant. [633 NYS2d 497] —Appeal by the defen-

dant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered August 24, 1992, convicting him of criminally negligent homicide, unlawful imprisonment in the first degree, attempted assault in the second degree, criminal possession of a weapon in the second degree, assault in the second degree (two counts), and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing concurrent indeterminate terms of imprisonment of 2 to 4 years each for his convictions of criminally negligent homicide and unlawful imprisonment in the first degree, to run consecutively to concurrent indeterminate terms of imprisonment of 2 to 4 years and $7^1/_2$ to 15 years, for his respective convictions of attempted assault in the second degree and criminal possession of a weapon in the second degree, to run consecutively to an indeterminate term of imprisonment of $3^1/_2$ to 7 years for his conviction of criminal possession of stolen property in the third degree, to run consecutively to concurrent indeterminate terms of imprisonment of $3^1/_2$ to 7 years for each count of assault in the second degree.

Ordered that the judgment is modified, on the law, by (1) reversing the defendant's conviction for unlawful imprisonment in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, and (2) providing the sentences imposed for the defendant's convictions for assault in the second degree shall run concurrently to the sentences imposed upon the defendant's convictions of criminally negligent homicide, attempted assault in the second degree, and criminal possession of a weapon in the second degree; as so modified, the judgment is affirmed.

The defendant contends that the trial court erred when it submitted unlawful imprisonment in the first degree to the jury as a lesser included offense of kidnapping in the first degree. We agree. In order for a crime to be submitted to the jury as a lesser included offense of a crime for which the defendant was indicted, it must be theoretically impossible to commit the greater crime without committing the lesser crime and a "reasonable view" of the evidence supports a finding that the defendant committed the lesser crime and not the greater crime (see, CPL 1.20 [37]; CPL 300.50 [1]; *People v Glover*, 57 NY2d 61, 63-64). A person is guilty of unlawful imprisonment in the first degree when he or she "restrains another person under circumstances which expose the latter to a risk of serious physical injury" (Penal Law § 135.10). However, it is theoretically possible for a person to be guilty of kidnapping in the first degree without exposing the victim to serious physical

injury *(see,* Penal Law § 135.25 [1]). Therefore, the defendant's conviction of unlawful imprisonment in the first degree is reversed and the sentence imposed thereon is vacated.

As the People correctly concede, the defendant's sentences for his convictions of two counts of assault in the second degree (felony assault) must run concurrently with the sentences imposed upon the defendant's convictions for criminally negligent homicide, attempted assault in the second degree, and criminal possession of a weapon in the second degree. The felony upon which the felony assault is predicated is a material element of that crime, and the sentence for the predicate felony must run concurrently with the sentence for the felony assault *(see, People v Medina,* 152 AD2d 602). Based on the trial court's charge, it is not possible to determine which of the foregoing felony convictions served as the predicate for the defendant's convictions of assault in the second degree. Therefore, the defendant's concurrent sentences for each count of assault in the second degree must run concurrently to the sentences imposed upon the defendant's convictions for criminally negligent homicide, attempted assault in the second degree, and criminal possession of a weapon in the second degree *(see, People v Duke,* 181 AD2d 908; *People v Mebert,* 194 AD2d 809).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not require reversal. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur. [As amended by unpublished order entered Feb. 20, 1996.]