■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HLADKY, Appellant. [638 NYS2d 344] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered April 21, 1993, convicting him of murder in the second degree (six counts), burglary in the first degree (two counts), robbery in the first degree (two counts), burglary in the second degree, robbery in the second degree (two counts), grand larceny in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to issue a report on the defendant's sentence in accordance herewith, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, is to issue its report with all convenient speed.

At sentencing, the Supreme Court imposed consecutive sentences for the defendant's convictions of two counts of intentional murder (counts one and two of the indictment). Thereafter, upon imposing sentences for the defendant's convictions of four counts of felony murder (count three through six of the indictment), two counts of burglary in the first degree (counts seven and eight of the indictment), two counts of robbery in the first degree (counts nine and ten of the indictment), robbery in the second degree (count twelve of the indictment), grand larceny in the third degree (count fourteen of the indictment), and criminal possession of a weapon in the fourth degree (count sixteen of the indictment), the Supreme Court stated that each sentence imposed was to run concurrently. Under count eleven of the indictment, burglary in the second degree, and count thirteen, robbery in the second degree, the court stated that the sentences imposed were to run "consecutively to the sentences imposed".

The People contend that the Supreme Court intended that the defendant's sentences for burglary in the second degree and robbery in the second degree were to run consecutive to each other and to his sentences for intentional murder. The defendant, on the other hand, contends that the Supreme Court intended that his sentences for burglary in the second degree and robbery in the second degree were to run concurrent to his sentences for felony murder as well as his sentences for intentional murder. Because it is not clear as to which of the defendant's remaining sentences his sentences for burglary in the second degree and robbery in the second degree are to run consecutive to, the Supreme Court must issue a report clarifying the defendant's sentence. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.