[644 NYS2d 346]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GONSA, Appellant.

Third Department, June 13, 1996

## APPEARANCES OF COUNSEL

*O'Connell & Aronowitz,* Albany *(Gloria Herron Arthur* and *Stephen R. Coffey* of counsel), for appellant.

*Gerald F. Mollen, District Attorney* of Broome County, Binghamton *(Kevin P. Dooley* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

Defendant's conviction arises out of his participation, along with two accomplices, in the brutal murder of a companion and the theft of the companion's car. One of the accomplices entered a plea of guilty to one count of manslaughter in the first degree in satisfaction of the charges against him and testi-

fied at defendant's trial. Defendant asserts a number of grounds for reversal of his conviction. We find no merit in any of defendant's arguments.

■ Defendant first contends that he was deprived of a fair trial by the admission of evidence of uncharged crimes, immoral conduct and flight. With regard to defendant's claims concerning evidence of his participation in a residential alcohol and substance abuse treatment facility, his work at minimum wage jobs and his receipt of food stamps and public assistance, which was relevant background evidence, we agree with the People that the evidence does not concern the type of illegal or immoral conduct which would deprive defendant of a fair trial (*see, People v Ellison*, 165 AD2d 919, *lv denied* 76 NY2d 939). The rule which excludes evidence of uncharged crimes and other immoral conduct, subject to certain exceptions, "is meant to eliminate the risk that a jury, not fully convinced of the defendant's guilt of the crime charged may, nevertheless, find against him because his conduct generally merits punishment" (*People v Allweiss*, 48 NY2d 40, 46; *see, People v Ventimiglia*, 52 NY2d 350, 359). The evidence described above does not demonstrate defendant's propensity to engage in criminal conduct in general and certainly does not demonstrate a propensity to commit the brutal murder charged in the indictment. Nor does the evidence reveal the type of conduct that would influence a jury to convict defendant of murder despite the existence of reasonable doubt. We reach the same conclusion with regard to the evidence of defendant's consumption of a large quantity of alcohol prior to the commission of the crime, which was, in any event, relevant to the jury's comprehension of defendant's participation in the brutal murder (*see, People v Howard*, — AD2d —, 1996 NY Slip Op 00346 [1st Dept, Jan. 18, 1996]).

■ With respect to the evidence of defendant's flight following the commission of the crimes and defendant's bad acts during the course of his flight, the record does not support defendant's claim that the evidence was not the subject of a pretrial ruling held pursuant to *People v Ventimiglia (supra)*. As to the admissibility of the evidence, we conclude that much of the evidence was relevant to the issue of defendant's consciousness of guilt (*see, People v Snyder*, 124 AD2d 394, 395 [flight]; *People v Wiese*, 97 AD2d 903, 904 [use of a false identity]). We note that many of the subsequent "bad acts" referred to by defendant do not, in fact, constitute the type of criminal and/or immoral conduct that is inadmissible. For example, evidence that defendant played blackjack at a Las

Vegas casino or that he got into a minor fight with one of his accomplices or that he took an unauthorized shower at a truck stop or that he exhibited a calm, arrogant demeanor while attempting to sell the victim's car hardly constitutes the type of evidence that might influence a jury, not fully convinced of defendant's guilt, to convict defendant of the brutal murder because his conduct merits such punishment. That counsel can, on appeal, construe some of the evidence as suggesting less than ideal behavior or as technically constituting petty crimes does not, in our view, require reversal of defendant's conviction.

■ ■ As to the absence of limiting instructions on the evidence of defendant's consciousness of guilt, defendant's trial counsel elected to reject County Court's pretrial offer to give limiting instructions at trial. In the circumstances of this case, the absence of limiting instructions is insufficient to merit reversal in the interest of justice. Defendant's conclusory assertion that he was not present at the pretrial *Ventimiglia* hearing, which is not supported by the record, is insufficient to rebut the presumption of regularity which attached to the proceeding (*see, People v Robinson*, 191 AD2d 523, *lv denied* 81 NY2d 1018).

■ Defendant next contends that he was deprived of his right to a fair trial by prosecutorial misconduct. Viewing the record as a whole, however, we conclude that the prosecutor's remarks were not so egregious as to deprive defendant of a fair trial (*see, People v Howard*, 213 AD2d 903, 904, *lv denied* 85 NY2d 974). Although some of the prosecutor's remarks can be characterized as overzealous, defendant has not demonstrated that the remarks had " 'a decided tendency to prejudice the jury' " (*People v Halm*, 81 NY2d 819, 821, quoting *People v Ashwal*, 39 NY2d 105, 110).

■ We also reject defendant's ineffective assistance of counsel claim. As the most significant deficiency, defendant cites to trial counsel's failure to pursue a *Huntley* hearing after the People conceded that defendant's confession to Vermont police was inadmissible but reserved their right to use the confession for impeachment if defendant elected to testify. Defendant failed to meet "the well-settled, high burden of demonstrating that he was deprived of a fair trial by less than meaningful representation" (*People v Hobot*, 84 NY2d 1021, 1022). Instead of presenting some argument to demonstrate a legitimate or colorable basis for trial counsel's continued pursuit of the *Huntley* hearing after the People's concession, defendant

focuses on the potential impact of defendant's confession as impeachment evidence. We recently rejected a similar argument on the ground that counsel should not be criticized for failing to pursue a potentially futile endeavor (*see, People v Vecchio*, — AD2d —, 1996 NY Slip Op 05869 [decided herewith], citing *People v Longshore*, 222 AD2d 941, 942). At sentencing, defendant made a conclusory allegation that the confession was coerced, but defendant was present at the pretrial hearing when trial counsel indicated that he would not pursue a *Huntley* hearing because there was no claim of coercion.

The record reveals that trial counsel vigorously pursued a legitimate strategy—that the murder was committed by the two accomplices who were using defendant as the scapegoat. To that end, trial counsel made opening and closing statements, cross-examined witnesses, presented evidence and made numerous objections. That the strategy failed or that in hindsight a different strategy would have been better is insufficient to establish ineffective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 146-147). Defendant's complaints constitute the type of second-guessing, based on hindsight, that is inappropriate (*see, e.g., People v Frayer*, 215 AD2d 862, 864, *lv denied* 86 NY2d 794).

█ Defendant also contends that the testimony of the accomplice was not corroborated (*see*, CPL 60.22). Considering the "minimal requirements" of the corroboration statute (*People v Jones*, 85 NY2d 823, 825), the evidence in the record is sufficient, for it tends to connect defendant with the commission of the crime so as to reasonably satisfy the jury that the accomplice is telling the truth (*see, People v Cunningham*, 48 NY2d 938, 940).

Defendant's final contention concerns County Court's authority to impose consecutive sentences upon defendant's convictions of murder in the second degree and robbery in the first degree. Defendant was convicted of two counts of murder: felony murder and depraved indifference murder (*see*, Penal Law § 125.25 [2], [3]). County Court imposed concurrent sentences for the murder convictions because they were based upon the same homicidal act. The court also imposed concurrent sentences for the robbery and felony murder convictions because the robbery constituted the felony element of the felony murder. Relying on *People v Duke* (181 AD2d 908, 909, *lv denied* 80 NY2d 830), defendant contends that in these circumstances concurrent sentences are also required on the rob-

bery and depraved indifference murder charge. In a subsequent case, however, the Second Department indicated that its holding in the *Duke* case on the issue would no longer be followed (*see, People v Mebert*, 194 AD2d 809, 810, *lv denied* 82 NY2d 722).

In *People v Laureano* (87 NY2d 640, 643-644), the Court of Appeals held that Penal Law § 70.25 (2) requires concurrent sentences for a defendant's convictions of manslaughter in the first degree and robbery in the first degree when the same act causes the victim's serious physical injury for the purposes of the robbery conviction and his death for the purposes of the manslaughter conviction. The Court focused on the fact that the only act relevant to an injury was the cutting of the victim's throat, which caused both serious physical injury and death. In this case, however, there is ample evidence of several separate and distinct relevant acts, whereby defendant and his accomplices inflicted serious physical injury on the victim as part of their scheme to take his car before defendant decided to "finish him off". In particular, there is evidence that after initially assaulting the victim with a tree limb and knocking him to the ground, defendant and his accomplices kicked him and stomped him. They then used a brick, which they repeatedly threw at the victim's head so hard that it bounced off. Defendant then said "let's finish him off", obtained a metal tool from the trunk of the victim's car and inflicted the fatal blows. Present in this case, therefore, is evidence that the victim's "serious physical injury was caused by an act other than the homicidal act", which was expressly found lacking in *People v Laureano* (*supra*, at 645). In these circumstances, we are of the view that County Court was authorized to impose consecutive sentences for the robbery and depraved indifference murder convictions (*see, People v Mayberry*, — AD2d —, —, 1996 NY Slip Op 01264 [2d Dept, Feb. 13, 1996]; *People v Bailey*, 167 AD2d 951, 952, *lv denied* 77 NY2d 875), and we see no abuse of discretion in its decision to do so.

CARDONA, P. J., MIKOLL, CREW III and YESAWICH JR., JJ., concur.

Ordered that the judgment is affirmed.