◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HLADKY, Appellant. [645 NYS2d 74] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered April 21, 1993, convicting him of murder in the second degree (six counts), burglary in the first degree (two counts), robbery in the first degree (two counts), burglary in the second degree, robbery in the second degree (two counts), grand larceny in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. By decision and order of this Court, dated February 13, 1996, the matter was remitted to the Supreme Court, Queens County, to issue a report clarifying the defendant's sentence (*see, People v Hladky,* 224 AD2d 545). The Supreme Court, Queens County, has filed its report.

Ordered that the judgment is affirmed.

In its report, the Supreme Court stated that the defendant's sentence for burglary in the second degree under count eleven of the indictment, and his sentence for robbery in the second degree under count thirteen of the indictment, were to run consecutively to each other and to the consecutive sentences

imposed upon the defendant's convictions of intentional murder (two counts). The record demonstrates that the imposition of consecutive sentences was proper. The intentional murders were separate and distinct from the burglary and robbery offenses, although they were part of a continuous course of conduct (*see,* Penal Law § 70.25 [2]; *People v Brathwaite,* 63 NY2d 839, 843). Therefore, the sentences imposed for burglary in the second degree under count eleven of the indictment and robbery in the second degree under count thirteen of the indictment could lawfully run consecutively to the consecutive sentences imposed for intentional murder, notwithstanding the fact that counts eleven and thirteen of the indictment served as predicate felonies for the defendant's conviction of four counts of felony murder (*see, People v Nathan,* 224 AD2d 640; *People v Mebert,* 194 AD2d 809; *People v Hunt,* 174 AD2d 980; *People v Bailey,* 167 AD2d 951; *People Hildreth,* 148 AD2d 879; *People v Ferkins,* 116 AD2d 760; *see also, People v Adams,* 163 AD2d 881). Likewise, under the facts of this case, the conduct constituting the burglary under count eleven was separate and distinct from the conduct constituting the robbery under count thirteen. Accordingly, the imposition of consecutive sentences for burglary in the second degree and robbery in the second degree was lawful (*see,* Penal Law § 70.25 [2]; *People v Beverly,* 220 AD2d 881; *People v Dorsey,* 79 AD2d 611; *People v Bryant,* 31 AD2d 934).

The trial court properly discharged a sworn juror during the trial and replaced her with an alternate juror (*see,* CPL 270.35; *People v Jamison,* 203 AD2d 385; *People v Morgan,* 175 AD2d 184; *People v Rivera,* 172 AD2d 570). Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.