(July 18, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS T. MEEHAN, Appellant. [646 NYS2d 716] —Casey, J. Ap-

peal from a judgment of the County Court of Broome County (Smith, J.), rendered on or about December 3, 1992, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), robbery in the first degree and criminal possession of stolen property in the third degree.

Defendant's conviction arises out of his participation, along with two accomplices, in the brutal murder of a companion and the theft of the companion's car. One of the accomplices entered a plea of guilty to one count of manslaughter in the first degree in satisfaction of the charges against him and testified at defendant's trial. We recently affirmed the judgment convicting the second accomplice of the same crimes as defendant herein upon a verdict in a separate trial (*see, People v Gonsa*, 220 AD2d 27).

Defendant first contends that he was denied the effective assistance of counsel. Appellate counsel focuses on trial counsel's failure to adequately prepare and pursue a defense based on defendant's possible posttraumatic stress syndrome. Trial counsel first raised the question of posttraumatic stress syndrome at trial, explaining that he had only recently learned that defendant had suffered from blackouts and that defendant's father had been diagnosed with the syndrome. County Court granted counsel's request for a brief adjournment and an examination of defendant was conducted by a physician. No evidence on the issue was thereafter presented on defendant's behalf.

The record establishes that trial counsel diligently pursued the issue when he first learned of the relevant facts and there appears to be no basis to criticize counsel for not discovering the facts earlier. After having defendant examined by a physician, trial counsel decided not to pursue the issue at trial. The decision clearly involved a matter of trial strategy, which will not be second guessed at this juncture (*see, e.g., People v Frayer*, 215 AD2d 862, 864, *lv denied* 86 NY2d 794). Noticeably absent is anything in the record to suggest a legitimate or colorable basis for trial counsel's continued pursuit of the matter (*see, People v Gonsa, supra*, at 31-32).

In his *pro se* brief, defendant argues that trial counsel was deficient in failing to adequately prepare for the hearing on the admissibility of certain DNA evidence and in failing to seek suppression of certain physical evidence. Defendant faults trial counsel for failing to present any evidence to refute the testimony of the People's expert regarding the reliability of the DNA evidence, but there is nothing in the record to suggest that such evidence existed. Trial counsel argued knowl-

edgeably on the legal issues at the hearing and thoroughly cross-examined the People's expert. As to the physical evidence, trial counsel objected to its admission into evidence on several grounds including the one referred to by defendant on this appeal, but the objection was overruled. In short, defendant failed to meet "the well-settled, high burden of demonstrating that he was deprived of a fair trial by less than meaningful representation" (*People v Hobot*, 84 NY2d 1021, 1022).

Defendant next argues that the testimony of the accomplice Michael Lussier was incredible as a matter of law. According to defendant, the only evidence of his participation in the crimes came from Lussier, and defendant contends that Lussier's testimony is "involved in hopeless contradiction" (*People v Jackson*, 65 NY2d 265, 270). It is the general rule that "[w]hen all of the evidence of guilt comes from a single prosecution witness who gives irreconcilable testimony pointing both to guilt and innocence, the jury is left without basis, other than impermissible speculation, for its determination of either" (*supra*, at 272). Lussier's testimony at trial did not point both to guilt and innocence. To the contrary, Lussier's trial testimony consistently pointed only to guilt. The "hopeless contradiction" upon which defendant relies was not based on any internal inconsistencies in Lussier's trial testimony, but arose out of various pretrial statements given by Lussier.

In *People v Shedrick* (104 AD2d 263, *affd* 66 NY2d 1015), the Fourth Department affirmed a conviction based primarily on the testimony of an accomplice who admitted to several prior convictions, admitted drinking and taking drugs immediately prior to the commission of the crimes, admitted that he had struck a plea bargain based upon his agreement to testify, and also admitted having changed his story several times prior to trial and having lied to investigators. The Court held that the accomplice's testimony was not incredible as a matter of law and that the matter was one for the jury to resolve as an issue of credibility (*see, supra*, at 273-274). The Court of Appeals affirmed, concluding that "it was for the jury to determine whether to believe or disbelieve his testimony" (66 NY2d 1015, 1018). We see no reason to reach a different conclusion in this case. There is also ample evidence in the record to corroborate Lussier's testimony.

Defendant contends that the evidence is legally insufficient to convict him of either depraved indifference murder or felony murder. Relying on *People v Gonzalez* (160 AD2d 502, 504, *lv denied* 76 NY2d 857), defendant contends that there may be

evidence of *intentional* conduct which caused the victim's death, but no evidence that the conduct was *reckless*, as required for depraved indifference murder (*see*, Penal Law § 125.25 [2]). We disagree. Based upon the evidence submitted at trial, we are of the view that it was for the jury to make the qualitative judgment as to whether defendant was guilty of intentional murder and if not, whether his conduct, though reckless, was equal in blameworthiness to intentional murder (*see, People v Robinson*, 205 AD2d 836, *lv denied* 84 NY2d 831). That defendant may have acted with intent to cause serious physical injury to the victim does not preclude a finding that he "simultaneously consciously disregarded a substantial and unjustifiable risk that, by so doing, he would create a grave risk of a more severe outcome, [the victim's] death" (*People v Trappier*, 87 NY2d 55, 59).

Defendant claims that there is insufficient evidence to establish that he actually inflicted the fatal blow. In contrast to *People v Carrasquillo* (136 AD2d 297, *lv denied* 72 NY2d 1044), upon which defendant relies, the theory of accessorial conduct (*see*, Penal Law § 20.00) was charged to the jury herein, and there is ample evidence that defendant acted in concert with his accomplices in attacking and killing the victim. With regard to felony murder, we conclude that there is sufficient evidence of defendant's intent to rob the victim to sustain the verdict. We find defendant's arguments to be meritless under either the legal sufficiency or weight of the evidence analysis (*see, People v Bleakley*, 69 NY2d 490).

With regard to the sentence, the People concede that County Court erred in imposing consecutive sentences for the robbery conviction and the felony murder conviction because the robbery constituted the felony element of the felony murder. Consecutive sentences were, however, authorized for the robbery and depraved indifference murder convictions because there is evidence that the serious physical injury necessary for the robbery conviction was caused by an act other than the homicidal act (*see, People v Gonsa*, 220 AD2d 27, 33, *supra*).

Defendant's final claim, raised in his *pro se* brief, is that his absence from a sidebar conference during voir dire constitutes reversible error. As the claim is based only upon defendant's conclusory assertion that he was not present, unsupported by the record, it is rejected (*see, People v Gonsa, supra*, at 31; *People v Robinson*, 191 AD2d 523, *lv denied* 81 NY2d 1018). The judgment should be modified in accordance with the People's concession regarding the sentence and, as so modified, affirmed.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is modified, on the law, to provide that the sentences imposed upon defendant's conviction of the crimes of robbery in the first degree and felony murder are to run concurrently, and, as so modified, affirmed.