■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT L. MILLER, Respondent. [666 NYS2d 281] —Cardona, P. J. Appeal from an order of the County Court of Broome County (Smith, J.), entered April 7, 1997, which granted defendant's motion to suppress evidence.

The single issue in this appeal concerns the voluntariness of the oral and written statements given by defendant in which he admitted engaging in sexual contact with a four-year-old girl. Following a *Huntley* hearing, County Court suppressed the statements. The People appeal.

Initially, we note that the voluntariness of a statement is generally "a question of fact to be determined from the totality of the circumstances" (*Matter of James OO.*, 234 AD2d 822, 823, *lv denied* 89 NY2d 812) and the People bear the burden of proof beyond a reasonable doubt (*see, People v Anderson*, 42 NY2d 35, 38). Furthermore, "the factual findings of the suppression court are entitled to great weight and will not be set aside unless clearly erroneous" (*People v Gagliardi*, 232 AD2d 879, 880; *see, People v Prochilo*, 41 NY2d 759, 761).

Here, County Court found that defendant had been interrogated by the alleged victim's family, severely beaten for his denials and held by them against his will in excess of an hour. The court also found that upon their arrival, the police took defendant into custody and brought him to the police station where they placed this 17-year-old, with no prior criminal experience, into an interrogation room alone for about two hours. During the ensuing interrogation, they ignored his complaints of headaches and a possible broken nose and denied him access to his family. He was also promised that they would let him go if he cooperated.

It is well settled that "[a]n involuntary statement includes one that has been physically or psychologically coerced, [or] obtained by a promise or statement that creates a risk of falsely incriminating oneself" (*People v Chase*, 85 NY2d 493, 500; *see,* CPL 60.45). Inasmuch as County Court's findings are grounded in the record and that court's credibility assessments are generally accorded deference, we cannot say, under the totality of the circumstances, that it erred in its determination that the statements were involuntarily made. Accordingly, we decline to disturb it (*see, People v Cline*, 192 AD2d 957, 958, *lv denied* 81 NY2d 1071).

Mikoll, Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed.