■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND FULTON, Appellant. [683 NYS2d 646] —Yesawich Jr., J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered November 28, 1995, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), robbery in the first degree (two counts), grand larceny in the third degree and criminal possession of a weapon in the third degree.

After David Greenzweig's body was discovered in the basement of a building he owned in the Town of Fallsburg, Sullivan County, the police sought defendant, who had been working for Greenzweig as a handyman, for questioning regarding the apparent robbery homicide. Defendant was located in Key West, Florida, and informed of the existence of an outstanding warrant for his arrest on a felony charge of driving while intoxicated (hereinafter DWI) in Orange County. He agreed to sur-

render himself to the local authorities and was taken into custody on the DWI charge, whereupon State Police Investigator Kevin McGrath and Fallsburg Police Detective Bart Rasnick traveled to Florida to question him about Greenzweig's murder.

Defendant ultimately confessed to having beaten the victim, wrapped his head in duct tape, and stolen his wallet and car. He waived extradition and, upon his return to New York, was formally charged with three counts of murder in the second degree, two counts of robbery in the first degree, one count each of grand larceny in the third and fourth degrees, and one count of criminal possession of a weapon in the third degree. Following trial, defendant was convicted of depraved indifference murder (*see*, Penal Law § 125.25 [2]) and felony murder (*see*, Penal Law § 125.25 [3]), as well as the two robbery counts, grand larceny in the third degree and criminal possession of a weapon. Sentenced to terms of imprisonment aggregating 33⅓ years to life, defendant appeals.

Defendant contends that County Court erred in allowing the introduction at trial of certain of the written and oral statements he furnished to the police, because—he maintains—his arrest on the DWI charge was a "sham", he was not informed of his *Miranda* rights and he was questioned without an attorney present, despite having invoked his right to counsel. These arguments are meritless. Defendant's otherwise lawful arrest for the crime of DWI cannot be characterized as a "sham" merely because, after he was taken into custody, the police were more interested in questioning him about a different and graver crime (*see*, *People v Reynolds*, 240 AD2d 517, 518, *lv denied* 91 NY2d 878). Indeed, a suspect's 4th Amendment rights are not violated in these circumstances, even if the purpose of the arrest is to obtain information about the unrelated crime (*see*, *People v Cypriano*, 73 AD2d 902, 903). As for defendant's assertions that he was not informed of his rights and that his requests for an attorney went unheeded, it suffices to note that the suppression court's contrary factual findings are amply supported by the record (*see*, *People v Prochilo*, 41 NY2d 759, 761; *People v Miller*, 244 AD2d 828).

Equally unavailing are the arguments advanced in defendant's *pro se* brief. County Court's bench conference with two jurors—each of whom had become concerned, in the midst of the trial, about, *inter alia*, possible conflicts of interest—did not violate defendant's right to be personally present at a material stage of the trial (*see*, *People v Aguilera*, 82 NY2d 23, 34; *People v Johnson*, 189 AD2d 318, 320). The nature of the side-

bar discussion was such that defense counsel's presence was sufficient to assure that defendant received a fair and just hearing (*see, People v Torres*, 80 NY2d 944, 945; *People v Darby*, 75 NY2d 449, 454; *People v Maldonado*, 192 AD2d 381, *lv denied* 81 NY2d 1076). Nor has defendant convincingly demonstrated that the prosecutor committed misconduct by improperly bolstering or vouching for the credibility of witnesses, or otherwise.

Lastly, given the medical proof which established that the victim died from asphyxia as a result of having his mouth and nose covered by duct tape, but that other serious injuries were also inflicted during the course of the robbery, the imposition of consecutive sentences for the depraved indifference murder and robbery counts was not improper (*see, People v Meehan*, 229 AD2d 715, 718, *lv denied* 89 NY2d 926; *People v Gonsa*, 220 AD2d 27, 33, *lv denied* 89 NY2d 923). And, in view of defendant's criminal history, and the savage nature of the crimes, it cannot be said that the sentence defendant received was excessive.

Cardona, P. J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.