■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS BENITEZ, Appellant. [721 NYS2d 792] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered July 25, 1995, convicting him of murder in the second degree (two counts), robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and sentencing him to concurrent terms of

25 years to life imprisonment upon the conviction of murder in the second degree (depraved indifference murder), 25 years to life imprisonment upon the conviction of murder in the second degree (felony murder), 5 to 15 years imprisonment upon the conviction of criminal possession of a weapon in the second degree, and 1⅓ to 4 years imprisonment upon the conviction of criminal possession of stolen property in the fourth degree, and 12½ to 25 years imprisonment upon the conviction of robbery in the first degree, to run consecutively to the sentence imposed for felony murder.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed for murder in the second degree under count three of the indictment (felony murder) shall run concurrently with the term of imprisonment imposed on the conviction for robbery in the first degree; as so modified, the judgment is affirmed.

The defendant's contention that alleged gestures made by a court employee during the jury charge constituted reversible error is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). Although the defense counsel alerted the court to the alleged conduct, he stated that he was "not sure" that it would "in any way prejudice" the defendant. Further, the defense counsel failed to move for a mistrial and never requested that the court give a curative instruction (*see, People v Thompson,* 276 AD2d 811; *People v Stewart,* 255 AD2d 343; *People v Yates,* 207 AD2d 567). Were we to review this contention in the exercise of our interest of justice jurisdiction, we would find that it is without merit.

As the People correctly concede, the defendant's sentence for robbery in the first degree must be modified to run concurrently with the sentence imposed on the conviction of felony murder, as the robbery constituted the underlying felony for the felony murder conviction, and was a material element of that crime (*see,* Penal Law § 70.25 [2]; *People v Laureano,* 87 NY2d 640, 643; *People v Marro,* 225 AD2d 796). However, the defendant's contention that the sentence imposed for the other murder conviction, based on depraved indifference, must run concurrently with the sentence imposed for the robbery count, is without merit (*see, People v Leo,* 255 AD2d 458; *People v Fulton,* 257 AD2d 774; *People v Meehan,* 229 AD2d 715).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Friedmann, H. Miller and Schmidt, JJ., concur.