■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY MCBEE, Appellant. [778 NYS2d 287]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered May 22, 2001, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and sentencing him to consecutive terms of 20 years' to life imprisonment on the conviction of murder in the second degree and 10 years' imprisonment on the conviction of attempted robbery in the first degree.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant argues that he was denied his right to confront witnesses when the trial court permitted two detectives to testify regarding statements that were made to them during the course of their investigation by certain persons who did not testify at the trial. In *Crawford v Washington* (— US —, 124 S Ct 1354 [2004]), the United States Supreme Court held that the admission of statements which are testimonial in nature violates the Confrontation Clause of the Sixth Amendment of the United States Constitution unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. In *Crawford,* the Supreme Court concluded that statements

which are the product of police interrogation are testimonial in nature (*id.*). Here, assuming that the statements made to the detectives could be characterized as impermissible testimonial statements under *Crawford*, in light of the overwhelming evidence of guilt in this case, there is no reasonable possibility that the error, if any, might have contributed to the defendant's conviction and thus was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *South Dakota v Herrmann*, 679 NW2d 503 [SD 2004]).

However, the defendant's sentence for attempted robbery in the first degree must be modified to run concurrently with the sentence imposed on the conviction for felony murder, as the attempted robbery constituted the underlying felony for the felony murder conviction, and was a material element of that crime (*see* Penal Law § 70.25 [2]; *People v Laureano*, 87 NY2d 640, 643 [1996]; *People v Benitez*, 281 AD2d 487, 488 [2001]; *People v Leo*, 255 AD2d 458, 459 [1998]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for appellate review or without merit. S. Miller, J.P., Adams, Cozier and Rivera, JJ., concur.