■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GERMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered October 15, 1986, convicting him of murder in the second degree (four counts) and burglary in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, so as to provide that the term of imprisonment imposed for burglary in the first degree under count eleven of the indictment shall run concurrently with the terms of imprisonment imposed on counts one and five of the indictment and the term of imprisonment imposed for burglary in the first degree under count twelve of the indictment shall run concurrently with the terms of imprisonment imposed on counts two and six of the indictment; as so modified, the judgment is affirmed; no questions of fact have been raised or considered.

The defendant was convicted, inter alia, of both intentional murder (two counts) (Penal Law § 125.25 [1]) and felony murder (two counts) (Penal Law § 125.25 [3]) with respect to each of the two victims. The court, at sentencing, imposed two concurrent terms of 25 years' to life imprisonment for the murder counts as to the first victim, to run consecutive to two concurrent terms of 25 years' to life imprisonment for the murder counts as to the second victim, and two consecutive terms of 8⅓ to 25 years' imprisonment for the burglary counts as to each victim, to run consecutively to the murder convictions. However, we find, as the People concede, that each of the two consecutive terms of imprisonment imposed for burglary in the first degree (Penal Law § 140.30 [2]) must run concurrently with the terms of imprisonment imposed for murder in the second degree as to the victim in question. Penal Law § 70.25 (2) provides that "[w]hen more than one sentence of imprisonment is imposed on a person for two or

more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences * * * must run concurrently". Here, each burglary constituted the underlying felony for the respective felony murder as to the victim in question, and is thus a material element of that offense. Moreover, the acts producing the physical injury and death for each victim were the same as to both the burglary and the intentional murder of that victim (see, People v Derhi, 110 AD2d 709; People v Grant, 96 AD2d 867). We therefore modify the sentence accordingly.

We have examined the remainder of the defendant's contentions on appeal and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Weinstein and Balletta, JJ., concur.