■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL RAMIREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered April 4, 1988, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested for the August 27, 1987, shoot-

ing of Bennie Colon. He was charged with attempted murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree, and related charges.

The defendant claims that he was deprived of a fair trial by the trial court's charge on the element of intent. More specifically, the defendant faults the court's use of several examples to distinguish between intentional and accidental acts which allegedly led the jury to convict the defendant of the more serious crime of attempted murder. We find the defendant's contention to be without merit. The court's instructions concerning the distinction between intentional and accidental acts were unnecessary and partially misfocused, considering that there was no claim, proof, or defense of an accidental shooting. Nevertheless they did not minimize the significance of the more fundamental issue of whether the defendant acted with the requisite specific intent *(see, People v Graziano,* 151 AD2d 775, 776).

Contrary to the defendant's contention, the jury's finding that the defendant intended to kill the complainant is supported by the evidence. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.