■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT LUCAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered June 28, 1988, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after he and an accomplice beat and robbed an attendant at a Queens gas station while another employee looked on. At trial, the People presented the testimony of the victim and the employee as well as the defendant's written confession. Contrary to the defendant's contention, under the circumstances of this case, we find no error in the court's denial of the defendant's request for a missing witness charge as to a third gas station employee who witnessed the crime but was not called to testify. Assuming, *arguendo,* that the defendant made a prima facie showing that the missing witness was knowledgeable about a material issue and that he would naturally be expected to testify favorably to the People, the People nonetheless successfully demonstrated that the testimony would be merely cumulative *(see, People v Gonzalez,* 68 NY2d 424). The victim and the employee unequivocally testified that the defendant was one of the perpetrators and gave substantially similar accounts of the crime which were consistent with the defendant's confession. The fact that the employee switched the roles played by each of the two perpetrators is inconsequential inasmuch as the defendant was charged under an acting in concert theory. In any event, any error in the court's failure to so charge was harmless since the evidence of the defendant's guilt, including his confession, was overwhelming *(see, People v Crimmins,* 36 NY2d 230). Bracken, J. P., Harwood, Eiber and O'Brien, JJ., concur.