■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered April 13, 1989, convicting him of murder in the second degree (three counts), robbery in the first degree (two counts), burglary in the first degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant confessed that he stabbed the victim in the throat. The medical evidence adduced at trial established that the victim's death was caused by "incised and cut wounds of neck, transection of the right carotid artery, laceration of the right jugular vein [and] asphyxia by strangulation". The prosecution's theory as to the cause of the victim's death, as reflected in the testimonial evidence adduced at the trial, was essentially consistent with the prosecution's theory as to the cause of the victim's death presented to the Grand Jury.

At the trial, the People made an application to amend the factual recitations contained in the first three counts of the indictment in order to include "asphyxiation" in the description of lethal injuries inflicted upon the victim. The trial court decided this motion by directing that the factual recitations as to the specific modality of the victim's death be deleted from the first three counts of the indictment. Contrary to the defendant's argument on appeal, this determination did not allow the People to convict the defendant upon a theory at variance with the one upon which he was indicted. Moreover, it is clear that there was no possibility of prejudice. Under these circumstances, reversal is not warranted on this ground (see, People v Grega, 72 NY2d 489; cf., People v Roberts, 72 NY2d 489; see also, People v Udzinski, 146 AD2d 245, 261-262).

The defendant also argues that the trial court erred in failing to give a missing witness charge with respect to three individuals. The People contend that the trial prosecutor made an adequate showing that only two of those witnesses may have been in a position to give relevant testimony.

However, those two witnesses, one of whom had been acquitted of criminal charges arising out of the same transaction, were not within the control of the People *(see generally, People v Kitching,* 78 NY2d 532; *People v Erts,* 73 NY2d 872; *People v Gonzalez,* 68 NY2d 424). Assuming, without deciding, that the defendant met his burden of proving that these two witnesses were " 'knowledgeable about a material issue pending in the case' " *(People v Fields,* 76 NY2d 761, 763), and further assuming that the prosecutor's statements were too vague to constitute an adequate showing that these witnesses were not under the control of the People, we find that there is no significant probability that the failure to give a missing witness charge affected the verdict *(see generally, People v Fields, supra* [error in failing to give charge as to retired detective present during confession]; *People v Lucas,* 177 AD2d 599; *People v Astacio,* 173 AD2d 834; *People v Nedrick,* 166 AD2d 725; *People v Gayle,* 162 AD2d 261).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Harwood, Lawrence and O'Brien, JJ., concur.