■ The People of the State of New York, Respondent, v Jerry Perez, Appellant. [612 NYS2d 620] —Appeal by the defendant from a judgment of Supreme Court, Queens County (Sherman, J.), rendered December 17, 1990, convicting him of murder in the second degree (two counts), robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, sentencing him to concurrent terms of imprisonment of 25 years to life for each count of the

murder in the second degree, a concurrent term of imprisonment of 5 to 15 years for criminal possession of a weapon in the second degree, and a consecutive term of imprisonment of 12½ to 25 years for robbery in the first degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by providing that all of the sentences shall run concurrently; as so modified, the judgment is affirmed.

The defendant and his two codefendants robbed and shot a man to death outside a Queens restaurant. All three confessed to the murder after they were apprehended by the police.

On appeal, the defendant contends that the trial court erred in denying his request to strike two prospective jurors for cause. One of the jurors had two nephews in prison, and the other stated that, should the defendant invoke his Fifth Amendment right not to testify at trial, he would wonder why the defendant did not testify.

Both prospective jurors, upon being questioned by the court, stated unequivocally that they would be able to decide the case solely on the evidence adduced at trial and that they would follow the instructions given to them by the court. Accordingly, the trial court did not err in refusing to excuse the challenged jurors for cause (see, CPL 270.20 [1] [b]; *People v Williams*, 63 NY2d 882; *People v Blyden*, 55 NY2d 73; *People v Biondo*, 41 NY2d 483, *cert denied* 434 US 928).

The defendant correctly contends that the imposition of consecutive sentences is illegal under the facts of this case (see, Penal Law § 70.25 [2]; *People v Smalls*, 185 AD2d 863; *People v Nelson*, 171 AD2d 702; *cf., People v Mebert*, 194 AD2d 809). Accordingly, we modify the sentences to make them run concurrently with one another.

We have considered the defendant's remaining contentions, including those found in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Ritter, J. P., Copertino, Santucci and Hart, JJ., concur.