■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY PEREZ, Appellant. [— NYS2d —] —On this Court's own motion, it is,

Ordered that the unpublished decision and order on motion of this Court dated November 7, 1994, in the above-entitled case is recalled and vacated, and the following decision and order on motion is substituted therefor:

Motion by the People for reargument of an appeal from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered December 17, 1990, which was decided by a decision and order of this Court dated May 23, 1994 (204 AD2d 662).

Upon the papers filed in support of the motion and no papers having been filed in opposition or relation thereto, it is

Ordered that the motion is granted to the extent of vacating the second paragraph on page two of the decision and order dated May 23, 1994, and substituting therefor the following: "The defendant correctly contends that the imposition of a consecutive sentence for his conviction of robbery in the first degree is unwarranted under the facts of this case. The evidence that was presented at trial shows that the defendant walked to the phone booth in which the victim was standing, shot him in the head, and, when the victim fell to the ground, removed a paycheck and some cash from him. The indictment

charged that the defendant had committed intentional and felony murder by shooting the victim with a pistol and that the defendant had committed the robbery while armed with a deadly weapon (see, Penal Law § 125.25 [1], [3]; § 160.15 [2]). Since the defendant's convictions of murder in the second degree and robbery in the first degree are essentially based upon the same acts, the sentences imposed thereon must run concurrently (see, Penal Law § 70.25 [2])."; and it is further,

Ordered that the motion is otherwise denied.

The People have failed to establish that this Court's modification of the defendant's sentences was improper. However, we modify our decision and order dated May 23, 1994, to the extent indicated for the purpose of clarification. Ritter, J. P., Copertino, Santucci and Hart, JJ., concur.