■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHANDRAN NATHAN, Appellant. [639 NYS2d 412] —Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered January 4, 1995, convicting him of murder in the second degree (two counts; one count of felony murder and one count of intentional murder) and burglary in the first degree (two counts), upon a jury verdict, and sentencing him to concurrent indeterminate terms of 25 years to life imprisonment for the intentional and felony murder convictions and concurrent indeterminate terms of 12 1/2 to 25 years imprisonment for the burglary convictions, to run consecutive to the murder convictions.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment imposed for the convictions of burglary in the first degree shall run concurrent with the term of imprisonment imposed for the conviction of felony murder; as so modified, the judgment is affirmed.

We reject the defendant's contention that his conviction warrants reversal as a result of certain comments made by the

prosecutor in his opening statement. While the complained-of comments were improper, they did not warrant reversal in light of the court's prompt curative instructions to the jury (*see, People v Berg*, 59 NY2d 294; *People v Hopkins*, 58 NY2d 1079; *People v Tayeh*, 96 AD2d 1045) and the overwhelming evidence of guilt (*see, People v Crimmins*, 36 NY2d 230; *cf., People v Kennedy*, 216 AD2d 491).

We also find unavailing the defendant's assertion that the sentences imposed for the two burglary convictions should run concurrent with the sentences imposed for the intentional murder conviction inasmuch as the intentional murder was separate and distinct from the burglary (*see, People v Mebert*, 194 AD2d 809; *People v Whiting*, 182 AD2d 732; Penal Law § 70.25 [2]). As conceded by the People, however, the sentences imposed for the burglary convictions should run concurrent with the sentence imposed for the felony murder conviction since the burglary constituted a "material element" of the underlying felony murder offense (*see*, Penal Law § 70.25 [2]; *People v German*, 139 AD2d 529). Accordingly, the sentence is modified to that extent. Santucci, J. P., Krausman, Goldstein and Florio, JJ., concur.