THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MARRO, Appellant. [640 NYS2d 163]

The defendant was convicted, *inter alia*, of both intentional murder (Penal Law § 125.25 [1]) and felony murder (Penal Law § 125.25 [3]). Here, burglary constituted the underlying felony for the felony murder count, and is thus a material element of that offense. As for the intentional murder count, we note that the acts producing the physical injury and death of the victim were the same for the burglary as they were for the intentional murder. Accordingly, the sentences for the intentional murder conviction, the felony murder conviction, and the burglary conviction must run concurrently (*see,* Penal Law § 70.25 [2]; *People v German,* 139 AD2d 529; *see also, People v Miller,* 170 AD2d 623).

The defendant's challenges to the legal sufficiency of the evidence are unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, the jury's finding that the defendant intended to kill the victim is supported by the evidence (*see, People v Ramirez,* 163 AD2d 427). Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]) or without merit. Bracken, J. P., Rosenblatt, O'Brien and Goldstein, JJ., concur.