■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL FULLAN, Appellant. [655 NYS2d 644] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered January 6, 1988, convicting him of murder in the second degree (three counts), attempted kidnapping in the first degree and robbery in the first degree, upon a jury verdict, and sentencing him to terms of 25 years to life imprisonment for each of his convictions of murder in the second degree to run concurrently to each other, and terms of $12^{1}/_{2}$ to 25 years' imprisonment for robbery in the first degree and $8^{1}/_{3}$ to 25 years' imprisonment for attempted kidnapping in the first degree to run consecutively to each other and to the sentence imposed for the defendant's conviction of murder in the second degree under the first count of the indictment.

Ordered that the judgment is modified, on the law, by (1) reversing the defendant's convictions for attempted kidnapping in the first degree and for murder in the second degree under count two of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment, and (2) providing that the sentences imposed for murder in the second degree under count one of the indictment and robbery in the first degree shall run concurrently to each other; as so modified, the judgment is affirmed.

Consistent with our holding in the codefendant's appeal, we agree with the defendant's contention that attempted kidnapping in the first degree is not a cognizable crime under Penal Law § 135.25 (3) *(see, People v Esquilin,* 159 AD2d 632). Thus, the defendant's convictions for attempted kidnapping in the first degree and murder in the second degree where the underlying felony was attempted kidnapping must be reversed, and those counts of the indictment dismissed.

Moreover, as in *People v Esquilin (supra,* at 632), under the facts of this case, the sentencing court erred in imposing consecutive sentences for intentional murder and robbery in the

first degree, as those convictions were essentially based upon the same acts (see, Penal Law § 70.25; see also, People v Anderson, 123 AD2d 770). Thus, the sentences imposed have been modified accordingly.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.