■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL FULLAN, Appellant. [699 NYS2d 876] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered January 6, 1988, convicting him of murder in the second degree (three counts), attempted kidnapping in the first degree, and robbery in the first degree, upon a jury verdict, and sentencing him to terms of 25 years to life imprisonment for each of his convictions of murder in the second degree to run concurrently with each other, and terms of 12½ to 25 years imprisonment for robbery in the first degree and 8⅓ to 25 years imprisonment for attempted kidnapping in the first degree to run consecutively to each other and to the sentence imposed for the defendant's conviction of murder in the second degree under count one of the indictment. By decision and order dated March 31, 1997, this Court modified the judgment by (1) vacating the defendant's convictions for attempted kidnapping in the first degree and for murder in the second degree under count two of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment, and (2) providing that the sentences imposed for murder in the second degree under count one of the indictment and robbery in the first degree shall run concurrently with each other (*see, People v Fullan,* 237 AD2d 619). By opinion dated February 18, 1999, the Court of Appeals modified the or-

der of this Court by reinstating the defendant's convictions for attempted kidnapping in the first degree and murder in the second degree under count two of the indictment, and remitted the matter to this Court for further proceedings pursuant to CPL 470.25 (2) (d) and 470.40 (2) (b) (*see, People v Fullan,* 92 NY2d 690).

Ordered that the judgment as modified by the decision and order of this Court dated March 31, 1997, and by the opinion of the Court of Appeals dated February 18, 1999, is further modified by making the sentences imposed for the appellant's convictions of murder in the second degree under count two of the indictment and attempted kidnapping in the first degree run concurrently with each other and with the remaining sentences; as so further modified, the judgment is affirmed.

The Court of Appeals remitted the matter to this Court for review of the facts pursuant to CPL 470.25 (2) (d) and 470.40 (2) (b). However, as the defendant has not raised any issues of fact or contended that the jury verdict was against the weight of the evidence, we decline to review the facts in the exercise of our interest of justice jurisdiction (*see, People v Khalek,* 253 AD2d 892; *People v Colon,* 246 AD2d 604).

Nevertheless, since the Court of Appeals has reinstated the appellant's convictions for attempted kidnapping in the first degree and murder in the second degree under count two of the indictment, and since the People correctly concede that those convictions are based on the same factual circumstances, the sentences imposed on the defendant's convictions on those counts must be modified to run concurrently (Penal Law § 70.25 [2]; *People v Day,* 73 NY2d 208; *People v Marro,* 225 AD2d 796). O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.