833; *cf., People v Ortiz,* 90 NY2d 533). The People produced three witnesses who were present at the time of the procedure. Those witnesses testified that the complainant arrived about 10 minutes after the robbery and identified the defendant.

The defendant's remaining contentions are either unpreserved for appellate review or without merit (*see,* CPL 470.05 [2]; *People v Smith,* 240 AD2d 600). Bracken, Acting P. J., O'Brien, Santucci and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR ROMAN, Appellant. [719 NYS2d 583] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered March 2, 1999, convicting him of murder in the second degree (two counts, one count each of intentional murder and felony murder), intimidating a victim or witness in the first degree, burglary in the first degree, criminal possession of stolen property in the fourth degree (three counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of imprisonment of 25 years to life on each of his convictions of murder in the second degree, an indeterminate term of imprisonment of 8¹/₃ to 25 years for his conviction of intimidating a victim or witness in the first degree to run concurrently with the sentences imposed for murder in the second degree, an indeterminate term of imprisonment of 8¹/₃ to 25 years for his conviction of burglary in the first degree to run consecutively to the sentence imposed for muder in the second degree (under the count charging intentional murder), indeterminate terms of imprisonment of 1¹/₃ to 4 years on each of his convictions of criminal possession of stolen property in the fourth degree to run consecutively to each other and to the sentences imposed on his convictions of intentional murder and burglary in the first degree, and a determinate term of one year imprisonment for his conviction of criminal possession of stolen property in the fifth degree to run concurrently with the other sentences.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed on the defendant's conviction of burglary in the first degree shall run concurrently with the term of imprisonment imposed on his conviction of murder in the second degree under count one of the indictment (intentional murder); as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly allowed a pretrial amendment to the indictment. The amendment did not change the People's theory of the case which was that the defendant intentionally caused the victim's

death by battering her head (*see, People v Rodriguez,* 181 AD2d 840).

However, the defendant's sentence for burglary in the first degree must be modified to run concurrently with the sentence imposed for his conviction of intentional murder. The act which caused the physical injury to the victim for the purposes of the count charging the defendant with burglary in the first degree also caused her death (*see,* Penal Law § 70.25 [2]; *People v Laureano,* 87 NY2d 640; *People v Marro,* 225 AD2d 796). Altman, J. P., Goldstein, McGinity and Schmidt, JJ., concur.