THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CAPEHART, Appellant. [877 NYS2d 211]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered February 23, 2006, convicting him of murder in the second degree (two counts), gang assault in the first degree, robbery in the first degree, robbery in the second degree, and tampering with physical evidence, upon a jury verdict, and sentencing him to concurrent indeterminate terms of imprisonment of 25 years to life on

the conviction of murder in the second degree under count one of the indictment (intentional murder) and 25 years to life on the conviction of murder in the second degree under count two of the indictment (felony murder), concurrent determinate terms of imprisonment of 25 years on the conviction of gang assault in the first degree and 15 years on the conviction of robbery in the second degree, to run concurrently with the sentences imposed for the convictions of murder in the second degree under count one of the indictment and murder in the second degree under count two of the indictment, a determinate term of imprisonment of 25 years on the conviction of robbery in the first degree, to run consecutively to the sentence imposed on the conviction of murder in the second degree under count one of the indictment, and an indeterminate term of imprisonment of 1$^{1}$/$_{3}$ to 4 years on the conviction of tampering with physical evidence, to run consecutively to the sentences imposed on the convictions of murder in the second degree under count one of the indictment and robbery in the first degree.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed upon the conviction of robbery in the first degree shall run concurrently with the terms of imprisonment imposed upon the convictions of murder in the second degree under count one of the indictment (intentional murder) and murder in the second degree under count two of the indictment (felony murder); as so modified, the judgment is affirmed.

The defendant's assertion that the trial court erred in not giving a circumstantial evidence charge is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Stewart*, 11 AD3d 568 [2004]; *People v Kitchens*, 268 AD2d 444 [2000]) and, in any event, is without merit (*see People v Ruiz*, 52 NY2d 929, 930 [1981]; *People v McCoy*, 30 AD3d 441, 443 [2006]; *People v Battle*, 160 AD2d 948, 949 [1990]).

Contrary to the defendant's contention, the nonaccomplice testimony offered by the People was sufficient to corroborate the accomplice's testimony (*see* CPL 60.22 [1]; *People v Williams*, 8 AD3d 592 [2004]; *People v Abney*, 139 AD2d 581 [1988]; *People v Miller*, 116 AD2d 596 [1986]). Moreover, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

"Since the defendant's guilt was proven beyond a reasonable doubt at trial, there can be no appellate review of the issue of whether a prima facie case was presented to the grand jury"

(*People v Folkes*, 43 AD3d 956, 957 [2007]; *see* CPL 210.30 [6]; *People v Hall*, 32 AD3d 864 [2006]; *People v Bedell*, 272 AD2d 622 [2000]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Furthermore, the prosecutor's statements were fair comment on the evidence, permissible rhetorical comment, and responsive to defense counsel's summation (*see People v Martin*, 54 AD3d 776, 777 [2008]; *People v Walker*, 207 AD2d 811, 811 [1994]; *People v Mack*, 197 AD2d 595, 596 [1993]; *People v Smith*, 181 AD2d 927, 927-928 [1992]; *People v Kornegay*, 164 AD2d 868, 868-869 [1990]).

However, under the second prong of Penal Law § 70.25 (2), the People failed to establish that the act constituting the use of a dangerous instrument with respect to the charge of robbery in the first degree was separate and distinct from the act that caused the victim's death with respect to the charge of murder in the second degree under count one of the indictment (intentional murder) (*see People v Parks*, 95 NY2d 811, 815 [2000]; *People v Underwood*, 52 NY2d 882, 883 [1981]). As such, the Supreme Court should have directed that the sentence imposed on the conviction for robbery in the first degree was to run concurrently with the sentence imposed on the conviction for intentional murder (*see People v Laureano*, 87 NY2d 640, 643 [1996]; *People v Roman*, 279 AD2d 485, 486 [2001]; *People v Fullan*, 237 AD2d 619, 619-620 [1997]; *People v Marro*, 225 AD2d 796, 797 [1996]; *People v Perez*, 212 AD2d 814, 815 [1994]; *People v German*, 139 AD2d 529, 530 [1988]).

The defendant's remaining contentions are without merit. Mastro, J.P., Covello, Eng and Leventhal, JJ., concur.