People v Bryant (2024 NY Slip Op 01194)

People v Bryant

2024 NY Slip Op 01194

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2005-05743
 (Ind. No. 606/04)

[*1]The People of the State of New York, respondent,
v
Charles Bryant, appellant.

Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY (Donna Aldea and Danielle Muscatello of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Aaron M. Spurlock, Johnnette Traill, and Eric C. Washer of counsel), for respondent.
Stuart D. Rubin, Brooklyn, NY, former appellate counsel.

DECISION & ORDER
Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated April 17, 2007 (People v Bryant, 39 AD3d 768), affirming a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered May 19, 2005. Justices Duffy, Miller, Ford, and Love have been substituted for former Justices Rivera, Skelos, Angiolillo, and Balkin (see 22 NYCRR 1250.1[b]).
ORDERED that the application is granted, and the decision and order of this Court dated April 17, 2007, is vacated; and it is further,
ORDERED that the judgment is modified, on the law, by directing that the terms of imprisonment imposed upon the convictions of intentional murder in the second degree and robbery in the first degree shall run concurrently with each other; as so modified, the judgment is affirmed. 
There is no merit to the defendant's contentions that his rights to confrontation and a fair trial were violated when the trial court allowed the People to elicit hearsay statements that a nontestifying codefendant had made to a detective. The defense counsel opened the door to such testimony (see People v Simpson, 256 AD2d 205, 206; People v Kourani, 256 AD2d 620, 622). In addition, the testimony at issue was not received for its truth, but, rather, to rebut the testimony of the defendant that his own confession was coercively derived (see Tennessee v Street, 471 US 409; People v Reynoso, 2 NY3d 820; People v Ewell, 12 AD3d 616, 617; People v Garcia, 2 AD3d 321, 322). Further, the jury was pointedly instructed by the court twice that "the testimony is not being admitted for the truth," and the jury is presumed to have followed such admonition (see People v Davis, 58 NY2d 1102, 1104).
The defendant's contention that the evidence was legally insufficient to establish his guilt of intentional murder in the second degree is unpreserved for appellate review (see People v Gray, 86 NY2d 10; People v Udzinski, 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was [*2]legally sufficient to establish that the defendant intended to cause the death of the victim (see People v Brown, 262 AD2d 569; People v Hernandez, 257 AD2d 664, 665; People v Angarita, 247 AD2d 397). Here, intent can be inferred from the defendant's conduct and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301).
The defendant's contention that the prosecutor's allegedly improper questions during cross-examination and comments during summation constituted reversible error is unpreserved for appellate review (see CPL 470.05[2]; People v Anderson, 24 AD3d 460; People v Williams, 303 AD2d 772). In any event, the prosecutor's questioning of the defendant on cross-examination and suggestion during summation that he tailored his testimony after hearing the testimony of the prosecution's witnesses was not unduly prejudicial (see Portuondo v Agard, 529 US 61; People v Siriani, 27 AD3d 670; People v Allien, 302 AD2d 468, 469; People v Lowery, 281 AD2d 491, 491-492). Further, the prosecutor's attack on the credibility of the defendant was not unduly prejudicial and does not require reversal (see People v Portalatin, 18 AD3d 673, 674).
The defendant's challenge to his sentence as unconstitutional under Apprendi v New Jersey (530 US 466) is unpreserved for appellate review (see People v Crosby, 33 AD3d 719, lv denied 8 NY3d 845; People v Stokes, 290 AD2d 71, 77, cert denied 537 US 859) and, in any event, is without merit. The Supreme Court did not engage in any fact-finding, but instead made a legal determination based on facts already found by the jury (see People v Pritchett, 29 AD3d 828, 829; People v Lloyd, 23 AD3d 296, 298).
Under the circumstances, former appellate counsel was ineffective for failing to contend on appeal that the People failed to establish that the act constituting the use of a dangerous instrument with respect to the charge of robbery in the first degree was separate and distinct from the act that caused the victim's death with respect to the charge of murder in the second degree (intentional murder) (see People v Parks, 95 NY2d 811, 815; People v Underwood, 52 NY2d 882, 883). The Supreme Court should have directed that the sentence imposed upon the conviction of robbery in the first degree was to run concurrently with the sentence imposed upon the conviction of intentional murder in the second degree (see People v Laureano, 87 NY2d 640, 643; People v Roman, 279 AD2d 485, 486; People v Fullan, 237 AD2d 619, 619-620, mod 92 NY2d 690; People v Marro, 225 AD2d 796, 797; People v Perez, 212 AD2d 814, 815; People v German, 139 AD2d 529, 530).
The sentence imposed, as modified, was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court